BROTHERTON *v.* GILCHRIST.

1. Partnership—What Constitutes.

Where three persons enter into a joint venture, in reference to which it is agreed that one of them shall furnish the capital, his liability to be limited to his advances, that his connection with the enterprise is not to be disclosed, that the business shall be conducted in the name of the others, and that neither shall he have authority to make contracts which shall bind the others nor they to bind him, the adventurer furnishing the capital is not a partner with the others, though he is to participate in the profits if any there be.

2. Same—Evidence.

Reference in a letter by the furnishing adventurer to himself as "the silent partner" is not conclusive, under the circumstances, of the existence of the partnership relation, but is merely an instance of the use of inexact words to describe a relation which is not that of a partner.

3. Same—Admissions.

Announcement by the furnishing adventurer, after the business is ended, of his purpose to pay all outstanding accounts, accompanied by no admission of liability, does not enlarge his obligation so that he must be treated as a partner.

4. Same—Community of Property.

On a bill for a partnership accounting, evidence examined, and *held*, insufficient to show a community of property between the parties necessary to constitute a partnership.

Appeal from Sanilac; Beach, J. Submitted February 28, 1906. (Docket No. 205.) Decided May 24, 1906.

Bill by Wilbur Brotherton against William A. Gilchrist, Perry F. Trowbridge and the Sanilac Sugar Refining Company for a partnership accounting. From a decree dismissing the bill as to defendant Gilchrist, the other defendants appeal. Affirmed.

*William H. Aitken,* for defendant Sanilac Sugar Refining Co.

*C. F. Gates,* for defendant Trowbridge.

*George P. Codd* (*Thomas A. E. Weadock,* of counsel), for defendant Gilchrist.

CARPENTER, C. J.   This is a suit in equity for a partnership accounting.   The business of the partnership was that of raising sugar beets in the county of Huron in the year 1902.   Complainant, defendant Trowbridge, and defendant Gilchrist each was interested in this business. Complainant and Trowbridge were partners in said business, and the important question in the case is whether Gilchrist was also a partner.   The trial court decided that he was not, and entered a decree in accordance with that decision.   From that decree defendants Trowbridge and the Sanilac Sugar Refining Company (a creditor of the partnership) appeal.

They maintain that the trial court erred in deciding that Gilchrist was not a partner.   The circumstance that the Sugar Refining Company stands in the relation of a creditor to the partnership is unimportant.   For it is not claimed that the credit owned by that company was so extended as to make Gilchrist liable therefor unless he was in fact a partner.   We have then to consider only this question, viz.:   Was Gilchrist actually a partner?   The only witnesses sworn in the case were defendant Trowbridge and one Andrew Wilson.   In determining the case we have to consider only their testimony and certain letters; some of which were written by Trowbridge and some by Gilchrist.   This testimony clearly proves that Brotherton, Trowbridge, and Gilchrist entered into a joint venture to raise sugar beets; that Trowbridge was to manage the enterprise and receive therefor the sum of $150 per month; that Brotherton was to contribute his counsel and advice; that Gilchrist was to advance capital to the amount of $10,000; that the enterprise was to be

carried on under the name of Brotherton and Trowbridge; that Gilchrist's connection with the venture should not be disclosed; and that the profits should be divided equally among the three interested parties. It also appears from a letter written by defendant Trowbridge to his codefendant the Sugar Refining Company that Gilchrist should "receive no return of his advances until all other obligations are met. In case there is not enough left to meet these advances by the silent partner, Mr. Brotherton and I each agree to be responsible for one-third of the deficit." Gilchrist did in fact advance $22,650. The venture proved unsuccessful and he has lost this entire amount, unless he can collect a part of it from his associates. Though he made various suggestions to Trowbridge, Gilchrist took no active part in the business management of the venture. He did, however, on one occasion give directions or suggestions "about plowing where Brotherton and Trowbridge were raising beets," and on another occasion directed or suggested that certain employés be discharged.

The law governing this case is stated in the leading case of *Beecher* v. *Bush*, 45 Mich. 188, as follows:

"Except when one allows the public or individual dealers to be deceived by the appearances of partnership when none exists, he is never to be charged as a partner unless by contract and with intent he has formed a relation in which the elements of partnership are to be found. And what are these? At the very least the following: Community of interest in some lawful commerce or business, for the conduct of which the parties are mutually principals of and agents for each other, with general powers within the scope of the business, which powers, however, by agreement between the parties themselves, may be restricted at option, to the extent even of making one the sole agent of the others and of the business."

See, also, *Canton Bridge Co.* v. *City of Eaton Rapids*, 107 Mich. 613; *Dutcher* v. *Buck*, 96 Mich. 160 (20 L. R. A. 776). Under this rule parties interested in a joint venture are not partners unless one of them has (to

quote other language from the opinion in *Beecher* v. *Bush*) "clothed the other with an agency to act on his behalf in this business." Tested by this rule there was no partnership. For it is clearly established by the correspondence in this record that neither Brotherton nor Trowbridge had authority to make contracts which would bind Gilchrist. It was clearly understood that the liability of Gilchrist should be limited to his advances. Neither had Gilchrist authority to make contracts which would bind Brotherton and Trowbridge. It is true Trowbridge testifies that Gilchrist referred to himself as "a silent partner," and Wilson gives similar testimony. This, if we had no other testimony, might be convincing, but, under the circumstances, we think that it is merely an instance of the use of inexact words to describe a relation which was not that of a partner. It is also true that after the partnership business was ended Gilchrist at one time announced to Trowbridge his purpose of paying all outstanding accounts. This announcement was accompanied by no admission of liability and did not enlarge his obligation.

Nor is this case within the principles of *Dutcher* v. *Buck*, supra. The most that can be claimed for that case is that it decides that a partnership exists if there is "community of property, community of interest and community of profits." That decision is not applicable if a single one of these elements is lacking. It does not apply if there is not community of property. See *Canton Bridge Co.* v. *City of Eaton Rapids*, supra. In the case at bar all the evidence in the record bearing on the question of community of property in the beet crop is this statement (in a letter written by defendant Trowbridge to his codefendant, the Sugar Refining Company) "the silent partner (meaning defendant Gilchrist) has no claim whatsoever upon the crop." We are bound to say, therefore, that there was no community of property, and that the decision of *Dutcher* v. *Buck*, supra, is inapplicable.

In my judgment, the trial court correctly decided that

defendant Gilchrist was not a partner of complainant and of defendant Trowbridge, and the decree appealed from should be affirmed.

McAlvay and Ostrander, JJ., concurred. Blair and Moore, JJ., concurred in the result.