RODGERS *v.* LINCOLN HOSPITAL.

1. PARTNERSHIP — VOLUNTARY ASSOCIATION IN LEGAL EFFECT A PARTNERSHIP.

A voluntary association of physicians conducting a hospital under the name "Lincoln Hospital Association" was in legal effect a partnership, although no certificate of partnership or right to do business under an assumed name was filed.

2. SAME—INDIVIDUALS LIABLE FOR TORT.

A patient who was injured through the alleged negligent operation of an elevator in a hospital conducted by a voluntary association might have brought action therefor against the individuals composing same, although the association had not filed a partnership certificate.

3. CORPORATIONS—NOT LIABLE FOR TORT OF VOLUNTARY ASSOCIATION WHERE OBLIGATIONS NOT ASSUMED IN PURCHASING ASSETS.

Where a voluntary association conducting a hospital was not insolvent at the time its assets were purchased by a corporation, and there was no purpose to defeat its creditors, all of its known debts, so far as shown, being paid in full, the corporation may not be held liable for a negligent injury to a patient in the hospital which occurred about a year before the transfer, on the theory that it assumed all of the obligations of the voluntary association, there being no basis for such assumption under the circumstances of the instant case.

Error to Wayne; Hunt (Ormond F.), J. Submitted April 8, 1927. (Docket No. 58.) Decided June 6, 1927.

Case by Cora M. Rodgers against the Lincoln Hospital for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed, and judgment ordered entered for defendant.

[1]Associations, 5 C. J. § 4; Partnership, 30 Cyc. p. 420; [2]Associations, 5 C. J. § 99; [3]Id., 5 C. J. § 18 (Anno); Corporations, 14a C. J. §§ 3659; 3662 (Anno).

*Nichols, Nichols & Barnett,* for appellant.

*George B. Murphy* and *Henry G. Nicol,* for appellee.

SHARPE, C. J.   In June, 1920, several doctors in Detroit entered into a voluntary association under the name of the Lincoln Hospital Association.   They purchased a property and used it for a hospital for operating on and caring for their own patients.   Plaintiff was operated on therein on March 10th of that year. Thirteen days later, when being moved from a room on the third floor to one  on the second floor, she was thrown from the stretcher on which she had been placed, by a sudden movement of the elevator in which she was being conveyed, and seriously injured.   Alleging that her fall was due to the negligent operation of the elevator and to the failure to provide it with proper safety appliances, she brought this action to recover the damages sustained thereby.

On June 21, 1921, the Lincoln Hospital, a corporation, was organized under the State law.   It purchased the property, both real and personal, at that time belonging to the voluntary association, and continued the business as before, except that it was thereafter conducted as a public hospital.

Plaintiff's action was begun on March 19, 1923, against the corporation by service of a copy of a summons on its secretary.   It entered its appearance on March 29th, and filed its plea of the general issue. On February 16, 1925, plaintiff procured an order adding the persons above named as party defendants. On January 8, 1926, she was permitted to file an amended declaration, in which it was alleged that these defendants and others unknown to her owned and operated the hospital in 1921, and that, subsequent to her injury, it was incorporated by them under the same name.   On the same day an order was entered dismissing the action as to the individual defendants. There was no proof that defendant expressly assumed

the liabilities of the association.    The question of implied assumption was submitted to the jury, who found for plaintiff in the sum of $2,000.    Defendant reviews by writ of error.

Error is assigned on the refusal of the court to direct a verdict for the defendant, for the reason that it was not organized at the time plaintiff sustained her injuries, and was not liable therefor.

The property in question was owned and used by a corporation known as the "Boulevard Sanitarium" for 20 years or more prior to 1920.    In June of that year it was purchased by Dr. Morris B. Landers, for himself and as trustee for others who were unnamed, under a land contract.    The title so remained until June, 1921, when the contract was assigned to the defendant corporation.    During this time, Dr. Landers and other physicians associated with him used the building for hospital purposes, assuming the name "Lincoln Hospital Association."    No certificate of partnership or right to do business under an assumed name was filed.    The name "Lincoln Hospital" appeared over the door and in the city telephone directory.    There were 14 or 15 members of this voluntary association, and each had contributed $1,000 and owned an undivided share of its property and assets. It was, in legal effect, a partnership composed of those who had contributed thereto.    Plaintiff might have brought action against them and the issue as to liability been therein determined.    An examination of the public records would have disclosed that the defendant corporation was not organized until several months after plaintiff's cause of action arose.    She here seeks to hold the defendant liable for a tort committed before its incorporation by reason of its assumption of the liabilities of the voluntary association at the time it purchased its assets.    The record is barren of any testimony tending to show that the members of the association knew, or had reason to believe, that

plaintiff would seek to recover damages for the injury she had sustained while in the hospital. Her action therefor was not commenced until nearly two years thereafter. We find no dispute in the testimony relating to the organization of the voluntary association, or the manner in which its business was conducted. Dr. Landers was the only witness who testified relative to these matters, and there is no intimation that he was not at all times frank and truthful. No profits were realized from the investment. Dr. Thomas Henry was elected and served as its president. As then operated, it was a private hospital, to which only the members of the association could or did bring patients for operations. In June, 1921, certain of the members decided to withdraw. The defendant corporation was then organized under the State law. Capital stock to the amount of $22,300 was issued. This represented the value of the property as was agreed upon, which was turned over to it by the voluntary association, and which included substantially all its assets. The stock was subscribed by Dr. Landers and 9 or 10 other physicians. Dr. McRea was elected president and Dr. Landers secretary.

The association was not insolvent at the time of the sale. It was not seeking to avoid payment to plaintiff or any other creditor by disposing of its property to defendant. As already stated, several of its members had become dissatisfied, and dissolution was talked about. Dr. Landers, who had been the active member of the association, and who had, when the necessity therefor arose, frequently advanced money to meet the expenses incurred by it, conceived the idea of organizing a corporation to take over its property, in which the rights of its stockholders would become fixed, and whose existence could not be terminated at the will of one or more dissatisfied persons owning an interest therein. He induced several physicians who had not been members of the association to be-

come stockholders, and, on the organization of the corporation and the transfer to it of the property of the association, the members who did not become incorporators, including the president, Dr. Henry, were paid in full for their interest therein. There was nothing secret about the transaction, nor any purpose to defeat the creditors of the association. All of its debts then known to its officials were paid in full. There is no claim made that the individuals were not financially responsible.

The authority relied on by the trial court (*Chase v. Telephone Co.,* 121 Mich. 631) did not, in our opinion, warrant the submission of this question to the jury. In that case it appeared that the defendant corporation purchased all of the property and franchises of the Telephone & Telegraph Construction Company, in whose employ plaintiff had been at the time of his injury. The rule relating to the assumption of obligations was thus stated at page 634:

"The law is well settled in regard to liability of the consolidated or purchasing corporation for the debts and liabilities of the consolidating or selling corporation. Such obligations are assumed (1) when two or more corporations consolidate and form a new corporation, making no provision for the payment of the obligations of the old." * * *

It was, however, further said:

"Even though the shareholders and officers of both corporations be the same, where no intention appears to transfer the old obligations to the new company, the new company is not liable, but creditors must look to the assets of the old company."

In *McLellan* v. *Detroit File Works,* 56 Mich. 579, cited in the *Chase Case,* the facts were quite similar to those in the instant case. A partnership firm had done business under the name of the "Detroit File Works." A corporation was organized with the same name. All of the shares of stock except two were

taken by the partners, "and the partnership assets were transferred to the corporation in consideration of the stock issued to the partners." The plaintiff held notes which had been given by the partnership. One of them had been renewed by the president of the corporation, but without authority from the directors or stockholders. On suit brought by the plaintiff against the corporation, it was held that, as the corporation was not identical with the partnership, it "could not be sued for their debts even if there were no other stockholders."

The motion for judgment *non obstante veredicto* should have been granted. The judgment entered is vacated and set aside and the cause remanded, with directions to the trial court to enter a judgment for the defendant. Defendant will have costs.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.