WESTERN SHOE CO. v. NEUMEISTER.

1. PARTNERSHIP—MAY NOT BE CREATED BY WILL.
    Partner's will giving to his widow life interest in partnership property could not establish partnership between widow and surviving partner, if such was intended, without their consent.

2. SAME—MUST BE CREATED BY CONSENT OR CONDUCT OF PARTIES.
    If partnership exists, it must have been created by consent of parties or by conduct in connection with business sufficient in law to constitute partnership.

As to partnership relation, see annotation in 18 L. R. A. (N. S.) 971.

3. Same—Effect of Financial Statement of Surviving Partner—
   Estoppel.

   Surviving partner's financial statement, made without knowl-
   edge or consent of deceased partner's widow, showing her to
   be partner, is not binding on her, nor does it estop her from
   denying partnership relation.

4. Same—Deceased Partner's Widow Not Partner in Business
   Although Willed Life Interest.

   Acts and conduct of deceased partner's widow, who was willed
   life interest in partnership business, held, not such as to con-
   stitute partnership relation between her and surviving partner,
   who had full control and management of business, and who,
   at widow's death, was to have entire business.

Appeal from Muskegon, Vanderwerp (John), J.
Submitted April 5, 1932. (Docket No. 18, Calendar
No. 36,316.)  Decided June 6, 1932.

Assumpsit on the common counts by Western
Shoe Company, an Ohio corporation, against Flora
L. Neumeister for goods sold on open account. Judg-
ment for defendant. Plaintiff appeals. Affirmed.

*Harold H. Smedley,* for plaintiff.

*A. W. Penny,* for defendant.

McDonald, J.  This suit was brought to recover
the purchase price of goods sold on open account to
Neumeister & Schultz after the death of Mr. Neu-
meister, who was the husband of Flora L. Neu-
meister, the defendant.

Gustav H. Neumeister and Albert J. Schultz were
equal partners in the retail shoe business in the city
of Muskegon, Michigan.  They had been in business
together for some years prior to 1922, at which time
Mr. Neumeister died.  After his death Mr. Schultz
continued the business, using the name of the former
firm.  In September, 1930, he became insolvent and

filed a petition in bankruptcy. The trustee sold the firm property and divided the proceeds among the creditors. The plaintiff brought this suit against Mrs. Neumeister on the theory that she became a partner in the business after the death of her husband. The circuit judge held against the plaintiff on this issue, and entered a judgment in favor of the defendant. The plaintiff has appealed.

When Mr. Neumeister died he left a will containing the following provisions concerning his interest in the partnership business:

"9. I give and bequeath to my wife, Flora Louise Neumeister, all the interest in the copartnership mercantile business now carried on and conducted by the firm of Neumeister & Schultz, to her, for the term of her natural life, subject always to the control, management and operation of said business by my partner, Albert J. Schultz, who will have full, complete and ample management of said business during the lifetime of my said wife. I direct in regard to this bequest that my partner, Albert J. Schultz, shall pay to my said wife the sum of $200 monthly and the further sum annually that shall together with the said payments of $200 monthly, equal one-half of the net profits of the business, the division of the profits of the business to be made after my decease the same as now, excepting, that Albert J. Schultz shall have and receive a reasonable monthly salary for his services.

"10. After the decease of my wife, Flora Louise Neumeister, I give and bequeath to my said partner, Albert J. Schultz, all my interest, property and claim of, in, and to the said partnership business of Neumeister & Schultz, to him and to his heirs and assigns forever."

It is the contention of the plaintiff that the will created a new partnership between Flora L. Neumeister and Albert Schultz.

The will cannot be so construed. It gave Mrs. Neumeister a life interest in testator's share of the partnership property, but excluded her from any part in the control and management of the partnership business. That was left to the surviving partner, to whom was also given absolute ownership on Mrs. Neumeister's death. It was the evident intention of the testator to secure for his wife an income from the partnership business, and to accomplish that purpose he gave possession and control of his interest to Mr. Schultz to be kept and used in the business subject only to certain profits and monthly payments to Mrs. Neumeister. But if he had intended to create a partnership relation between them, it could not be accomplished without their consent, and there is no evidence that either of them ever consented.

When Mr. Neumeister's estate was closed in the probate court, the testator's interest in the partnership business was assigned to Mr. Schultz subject to the allowance made to Mrs. Neumeister by the will. He accepted it and continued the business in the name of the old firm. No change was made in the certificate of partnership on file with the county clerk. Mrs. Neumeister took no part in the business. The undisputed evidence shows that for seven and a half years she did not go to the store except as a customer for shoes or to call for checks. In nothing she did during that time is there any evidence of partnership.

If a partnership existed it must have been created by consent of the parties either orally expressed or by conduct in connection with the business sufficient in law to constitute such a relation. In this case there is no evidence of an agreement to become partners. It is all to the contrary. There is no evi-

dence of acts on the part of Mrs. Neumeister from which partnership could be inferred, and no evidence of holding out that would estop her from denying that such a relation existed. In this connection the plaintiff gave evidence that, before selling goods and extending credit to Neumeister and Schultz, it made inquiries from the R. G. Dun Company and obtained a report which showed that the firm was composed of Flora Neumeister and Albert Schultz and gave the individual and financial responsibility of each. The information contained in this report was obtained 'from a statement furnished by Mr. Schultz. The reporter who obtained it testified:

"The statement was signed by A. J. Schultz for Neumeister and Schultz.    *    *    *    I have been reporting for R. G. Dun & Company for eight years. I never talked with Mrs. Neumeister or took up with her any matter or investigation, or talked to her and never saw her. I never saw her until now to know who she was."

Mr. Schultz testified:

"I never conferred with her regarding the financial statements and never talked with her about the stock. I made the financial statements myself and never conferred with her about it. I never went to her and consulted with her as to the amount I might be owing or the amount of goods I might have or anything of that kind. I knew from the will that upon her death I was to get it and I had the sole control and operation in the meantime.    *    *    *

"Mrs. Neumeister after her husband's death did not have anything to do with the business. She did not even come to the store, only occasionally when she would want a pair of shoes for herself."

The testimony relative to the financial statements was offered as showing that Mrs. Neumeister was

held out to the public as a partner, but they could not affect her in that way, because she knew nothing about them. They were made without her knowledge or consent. Any such statements by Mr. Schultz were not binding on her and would not estop her from denying a partnership relation. The question is not what he did or said without her knowledge or consent. It is rather what she did in connection with the business that would bind her as a partner. In the absence of an express agreement, her acts and conduct in relation to the business are the test to be used in determining if a partnership existed. In this case the essential elements of a partnership are lacking. The trial court correctly held that there was no liability on the part of Mrs. Neumeister.

The judgment is affirmed, with costs to the defendant.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.