TAIT v. ROSS

1. APPEAL AND ERROR—CONTRACTS—FINDINGS OF FACT.
   Findings of fact by the trial court in a contract action will be
   reversed only when crucial proof has been overlooked or where
   the facts clearly indicate an opposite result should be reached.

2. TRIAL—NONJURY TRIAL—PARTIALITY—ERROR.
   Extensive questioning of witnesses in a civil action by the trial
   judge in a nonjury trial reflecting his feelings about the lack
   of credibility of witnesses is not a ground for reversal.

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 November 10, 1971, at Detroit. (Docket No. 9864.) Decided November 24, 1971. Leave to appeal denied, 386 Mich 787.

Complaint by William R. Tait against Herman Ross for money due under a contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*DeBiasi & Carrier, P. C.,* for plaintiff.

*Schlussel, Lifton, Simon, Rands & Kaufman* (*Carl Levin,* of counsel), for defendant.

Before: LESINSKI, C. J., and HOLBROOK and VAN VALKENBURG,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 76.
[2] 53 Am Jur, Trial § 75.

Per Curiam. Defendant Herman Ross appeals as of right from a judgment of $8,747 plus costs and interest rendered in favor of plaintiff by a judge sitting as trier of fact.

This case centers around a dispute between plaintiff and defendant over the terms of an oral modification of a written contract for masonry work on an apartment project in the City of Southgate. Plaintiff contends the contract was for the number of bricks actually delivered to the job site. Defendant contends that the contract was for the number of bricks actually laid. The trial judge, after hearing five days of testimony, found for the plaintiff.

Defendant contends that the plaintiff failed to sustain his burden of proof by failing to prove how many bricks were actually laid. He further states that the trial judge's decision was against the weight of the evidence because "every bit of evidence in this case tends to support appellant's position that appellee installed less bricks than he billed for".

We must assume that the trial court, in finding for plaintiff, felt that plaintiff's version of the contract was correct. Since plaintiff's interpretation of the contract was for "bricks delivered," it was unnecessary for him to prove that all the bricks delivered were installed. In *Liscomb* v *Twinwood, Inc.*, 24 Mich App 353 (1970), we stated that findings of fact by the trial court in a contract action will be reversed only when crucial proof has been overlooked or ignored. No proof has been overlooked in this case. There is ample evidence to support the trial judge in his determination of the contract. This Court will not substitute its judgment on factual questions in a nonjury case for that of the trial court unless the facts clearly indicate an opposite result should be reached. *Miller* v *State Highway Department,* 30 Mich App 64 (1971).

Defendant also contends that the trial court denied him a fair and impartial trial by its repeated demonstration of hostility to defendant and his witnesses, lawyer and cause, and its disparagement of same, and by its constant argumentative and hostile interruptions in examination of witnesses. Examination of the record indicates that defendant was not denied a fair and impartial trial. While the trial judge, sitting as trier of fact, engaged in extensive questioning of witnesses, this alone has not been held to be error. *People* v *Wilder*, 383 Mich 122 (1970). The substance of the trial judge's questions and comments focused on what he considered was the lack of credibility in certain of defendant's witnesses and in defendant's own statements. In *Houghton* v. *Collins*, 344 Mich 175, 180 (1955), a civil case heard by a judge sitting as trier of fact, the Michigan Supreme Court stated:

"The partiality, prejudice and bias which appellant claims was shown by the trial judge on some occasions during the hearing, while indicative of the court's lack of belief in the merits of Coleman's claim, even if true, constitute no basis for reversal."

Whatever our personal views may or may not be on this type of practice by a trial judge sitting as trier of fact, our judicial function as an intermediate appellate court is limited. Where the Supreme Court has spoken, as here, we are not free to disregard its precedent.

Affirmed.