MAYNARD v DORNER (SUPPLEMENTAL OPINION)

APPEAL AND ERROR—TRIAL—FINDINGS OF FACT—PARTNERSHIP BY ES-
TOPPEL—GROUNDS FOR REVERSAL.

A finding of a partnership by estoppel which is not clearly
erroneous will not be reversed unless the facts clearly indicate
that an opposite result must be reached.

Appeal from Wayne, Harry J. Dingeman, Jr., J.
Submitted Division 1 April 11, 1974, at Detroit.
(Docket No. 17300.) Decided May 30, 1974, 53 Mich
App 568. Supplemental opinion filed October 8,
1974.

Complaint by Gilbert Maynard against Charles
R. Dorner and Bonnie Dorner, doing business as
Dorner Products, Dorner Laboratories, Liquid
First Class Auto Polish Company, and Glass Wax
Company, and against Bonnie Dorner, Guardian of
Charles R. Dorner, mentally incompetent, for dam-
ages resulting from breach of contract and conver-
sion. Judgment for plaintiff. Defendant Bonnie
Dorner appeals. After remand with instructions,
53 Mich App 568, affirmed.

*Edward Sanders,* for plaintiff.

*Garvey, Kreis & Silverman,* for defendant.

Before: GILLIS, P. J., and HOLBROOK and VAN
VALKENBURG,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 841.
* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

## SUPPLEMENTAL OPINION

HOLBROOK, J. This case was remanded to the trial court for further and more explicit findings of fact and conclusions of law. 53 Mich App 568, 575; 220 NW2d 161, 165 (1974). This the trial court has done.

The facts of the present case are set out in the previous opinion. In pertinent parts, the trial court has found:

" * * * That the evidence conclusively shows that the various businesses operated by the defendants were in fact operated by both of them as a husband and wife team.

" * * * That the court does not believe the testimony of the defendant, Bonnie Dorner, as she denies any participation in said businesses contrary to the proofs offered but admits having knowledge of the various marketing and promotional schemes used in the operations, the general day to day conduct of the businesses and the specific prices of the product involved.

" * * * That the proofs show that defendants held out to the general public that the businesses operated by them were in fact operated by them jointly, notwithstanding defendants' attempted use of various assumed names and company designations.

" * * * That the court finds that the businesses conducted by defendants were in fact conducted as a husband and wife partnership and that the defendant Bonnie Dorner's denial of any interest in the businesses is not substantiated by the evidence, there being a common interest in the businesses, firm bank accounts, commingling of funds and property and participation by the defendant Bonnie Dorner in the affairs of the businesses.

" * * * That the court finds that the defendants Charles R. Dorner and Bonnie Dorner operated the businesses as a partnership and that the same was with the full knowledge and consent of the defendant Bonnie Dorner.

" * * * That the defendants allowed the general public and the dealers of the product to believe that a partnership existed."

The court made the following conclusions of law:

"1. That the businesses operated by defendants were in fact a husband and wife partnership and resulted in joint liability in accordance with MSA 20.16(1),[1] see also *Moore v DuBard,* 318 Mich 578; 29 NW2d 94 (1947).[2]

"2. That the plaintiff is entitled to the sum of $7,150.00, being monies of the plaintiff which were converted by defendants.

"3. That the plaintiff is entitled to a commission of $1,878.00, freight charges in the amount of $138.32 and refund of a check in the amount of $479.76.

"4. That the plaintiff is entitled to interest computed as being $2,740.82.

"5. That plaintiff's claim of $5,169.60 for replacement cases and $20,000.00 loss of business be denied."

It appears that the court found a partnership by estoppel. After reviewing the record we cannot say the findings are clearly erroneous, *Tait v Ross,* 37 Mich App 205; 194 NW2d 554 (1971), *cert den* 407 US 921; 92 S Ct 2462; 32 L Ed 2d 806 (1972); *Pepper v Naimish,* 39 Mich App 497; 197 NW2d 866 (1972), and we will not reverse as we cannot say that the facts clearly indicate that an opposite result must be reached. *Leidig v Rockwood & Co,* 48 Mich App 248; 210 NW2d 257 (1973).

Affirmed. Costs to plaintiff.

All concurred.

---

[1] MCLA 449.16; MSA 20.16 is the Michigan analogue of § 16 of the Uniform Partnership Act which refers to "Partner by Estoppel".

[2] In *Moore v DuBard,* 318 Mich 578, 581; 20 NW2d 94, 95 (1947), the sole question before the Court was whether the plaintiff had sustained his burden of proving the existence of a co-partnership. After an extensive review which found some indicia of partnership and others absent, *e.g.,* no certificate of partnership was filed, the Court concluded that the plaintiff had not sustained his burden of proof. *Cf. Morrison v Meister,* 212 Mich 516, 519; 180 NW 395, 396 (1920); *Thurston v Detroit Asphalt & Paving Co,* 226 Mich 505, 508; 198 NW 345, 346 (1924); *Western Shoe Co v Neumeister,* 258 Mich 662; 242 NW 802 (1932), and *Lobato v Paulino,* 304 Mich 668; 8 NW2d 873 (1943). See 59 Am Jur 2d, Partnership, § 67 *et seq.,* p 982.