In re TWIN OAKS GOLF COURSE, a Partnership, Debtor.

Gaylord CROWELL and Geraldine Crowell, Plaintiffs,

v.

TWIN OAKS GOLF COURSE, Defendant.

Bankruptcy No. NL 81–02758. Adv. No. 81–0824.

United States Bankruptcy Court, W. D. Michigan.

Jan. 7, 1982.

**384**

Dickinson, Wright, McKean, Cudlip & Moon, Peter S. Sheldon, Lansing, Mich., for plaintiffs.

Glassen, Rhead, McLean & Campbell, R. F. Rhead, Lansing, Mich., for defendant.

## PARTNERSHIP—BANKRUPTCY— QUALIFICATION TO BE A BANKRUPT

DAVID E. NIMS, Jr., Bankruptcy Judge.

On July 8, 1981, a voluntary petition under Chapter 11, Title 11 of the United States Code, was filed by Twin Oaks Golf Course. This action is before the Court on the petition of Gaylord Crowell and Geraldine Crowell, husband and wife (Crowells) to vacate the order for relief and dismiss debtor's voluntary petition. It is the claim of Crowells that Twin Oaks Golf Course is not a partnership and therefore has no right to file a petition for an order for relief. Twin Oaks contends that it is a partnership.

On February 2, 1979, a contract of sale was entered into between Crowells as vendors and Earl Beachum and Maxine Beachum (Beachums) as vendees. Under this agreement, Beachums agreed to purchase all the assets of a business known as Twin Oaks Golf Course for a total of $60,000.00. Seperate bills of sale for inventory, pro shop equipment and fixtures were executed to the Beachums, "husband and wife." Beachums executed a promissory note to Crowells secured by assets used in the operation of Twin Oaks. Real estate consisting of the golf course and club house was sold for $223,000.00 on a land contract. The land contract was executed on March 29, 1979, to "Earl Beachum and Maxine Beachum, husband and wife."

At the time of the sale, Crowells explained to Beachums their method of operating the golf course, suggesting that it would have to be run as a husband and wife business. At Crowell's suggestion Beachums followed the same procedure. The wife would run the snack bar and order supplies. The husband would oversee the watering and maintenance of the course. The Beachums worked together closely. They assumed the business was a partnership although they never used the term "partnership."

Partnerships have been recognized throughout legal history and existed under classical Roman law. Yet, over the centuries, courts have had difficulty in agreeing on a clear definition or concept of a partnership. In 1917, Michigan adopted the uniform partnership act. After amendments in 1941 and 1957, a partnership is defined in Section 6 of the Act, Mich.Comp. Laws § 449.6 [Mich.Stat.Ann. § 20.6 (Callaghan 1975)].

"Sec. 6. (Partnership defined). (1) A partnership is an association of 2 or more persons, which may consist of husband and wife, to carry on as co-owners a

business for profit; any partnership heretofore established consisting of husband and wife only, formed since January 10, 1942 shall constitute a valid partnership."

For the purpose of this case, the definitions of a partnership under recent common law do not appreciably differ from the Statute. In *Petition of Williams*, 297 F. 696 (1st Cir., 1924) cert. den. 265 U.S. 593, 44 S.Ct. 638, 68 L.Ed. 1197 (1924), in an involuntary petition for the adjudication of a partnership as a bankrupt, one of the alleged partners denied that he was a partner. At page 702 the Court said, "It has been said, and no doubt wisely, that it is not prudent to define a partnership; but there are certain things generally recognized as essential which may be stated * *." The Court then continued that these "essential things" were never better stated than by Justice Cooley in *Beecher v. Bush*, 45 Mich. 188, 7 N.W. 785 (1881). At page 200, 7 N.W. 785, Justice Cooley, speaking for the Court stated:

> " * * enough (cases) are cited to show that in so far as the notion ever took hold of the judicial mind that the question of partnership or no partnership was to be settled by arbitrary tests it was erroneous and mischievous, and the proper corrective has been applied. Except when one allows the public or individual dealers to be deceived by the appearances of partnership when none exists, he is never to be charged as a partner unless by contract and with intent he has formed a relation in which the elements of partnership are to be found. And what are these? At the very least the following: Community of interest in some lawful commerce or business, for the conduct of which the parties are mutually principals of the agents for each other, with general powers within the scope of the business, which powers however by agreement between the parties themselves may be restricted at option to the extent even of making one the sole agent of the others and of the business.

Cases decided under Michigan law have generally followed Justice Cooley's test as expanded by the Statute. *Commissioner of Internal Revenue v. Olds*, 60 F.2d 252 (6th Cir., 1932); *Bankers Trust Co. v. Bradfield*, 324 Mich. 116, 36 N.W.2d 870 (1949); *Moore v. Du Bard*, 318 Mich. 578, 29 N.W.2d 94 (1947); *Lobato v. Paulino*, 304 Mich. 668, 8 N.W.2d 873 (1943); *Rodgers v. Lincoln Hospital*, 239 Mich. 329, 214 N.W. 88 (1927); *Folks v. Burletson*, 177 Mich. 6, 142 N.W. 1120 (1913); *Carpenter v. Lennane*, 166 Mich. 610, 132 N.W. 477 (1911); *Brotherton v. Gilchrist*, 144 Mich. 274, 107 N.W. 890 (1906); *Canton Bridge Co. v. City of Eaton Rapids*, 107 Mich. 613, 65 N.W. 761 (1895); *Dutcher v. Buck*, 96 Mich. 160, 55 N.W. 676 (1893); *Miller v. City Bank & Trust Co.*, 82 Mich.App. 120, 266 N.W.2d 687 (1978); *Maynard v. Dorner*, 56 Mich.App. 7, 223 N.W.2d 338 (1974); *Falkner v. Falkner*, 24 Mich.App. 633, 180 N.W.2d 491 (1970).

I can find no basis for finding that a partnership does not exist in this case. Looking first to the Statute, we have (1) an association of two persons (2) who happen to be husband and wife (3) formed to carry on as co-owners (4) a business for profit. Looking to the test of Justice Cooley, there is here (1) a contract—while there is no written contract, there was certainly an understanding (2) an intent by the husband and wife to act as a partnership (3) a community of interest (4) lawful commerce or business (5) the parties conducting the business as mutual principals of and agents for each other.

Since the Uniform Partnership Act first permitted a husband and wife to become partners in the same partnership, three cases involving husband and wife partnerships have come before the Michigan Courts. In *Socony-Vacuum Oil Co., Inc. v. Texas Co.*, 113 F.Supp. 514 (E.D.Mich., 1953), Judge Picard held that while a husband and wife could be partners in the same partnership, they could not be the sole partners. As a result of this case, Section 6 of the act was amended in 1957, Public Acts of 1957, No. 59.

In *Maynard v. Dorner*, 56 Mich.App. 7, 223 N.W.2d 338 (1974), in a complaint against a husband and wife, the Court af-

firmed the finding that the husband and wife were partners by estoppel. The lower Court found that they operated the business as a husband and wife team, had a common interest in the business, used firm bank accounts, and commingled funds and property. The Court also found that the wife participated in affairs of the business. The Court of Appeals did not find these findings to be clearly erroneous.

Crowells rely on *Miller v. City Bank and Trust Co.*, 82 Mich.App. 120, 266 N.W.2d 687 (1978), in which a widow filed a complaint against the executor of her deceased husband's estate for a declaratory judgment that there was a business partnership between her and her deceased husband. The trial court found that plaintiff did not carry the burden of proof in establishing· a partnership. This decision was affirmed. The facts in *Miller* were unique. In 1959, Mrs. Miller met and married Mr. Miller, left a good position in Baltimore and moved to Jackson, where she helped her husband in his established nursery. She made no capital contribution but held a management position, kept books and hired and fired employees. In 1960 a "business registration certificate" was filed indicating a partnership. However, tax returns indicated that the business was a sole proprietorship and plaintiff's occupation was given as "housewife." In 1968 Miller applied for a self employed pension, stating that his business was a sole proprietorship. The court also stated at p. 126, 266 N.W.2d 687:

"The other evidence supporting plaintiff's claim is that plaintiff testified that the parties entered into an oral agreement and that Mr. Miller told her 'she was the best partner he ever had'. The use of the term partner is one factor to be considered in analyzing whether a partnership exists, *Falkner, supra,* but it is not controlling. How heavily that factor weighs varies with the circumstances and the circumstances in this case make the use of that term ambiguous. Mrs. Miller seemed to consider the whole marriage as a partnership and Mr. Miller could have meant that she was the best partner in marriage rather than in busi-

ness. Also, Mrs. Miller is an interested party and the trial judge is not bound to accept as true her testimony and the inferences she draws from it."

There are several distinguishing facts between *Miller* and our proceedings. Both Beachums have been in the business from the start. All of the assets used by them in the business are jointly owned. Although there is no formal partnership agreement and the Beachums probably do not fully understand the concept of partnership; they both consider themselves a husband and wife "team."

■ Crowells point out that there was considerable delay in filing the assumed name certificate. The filing of a certificate to carry on a business under an assumed name by two or more persons is prima facie evidence of a contract of partnership. Mich.Comp.Laws § 445.3 [Mich.Stat.Ann. § 19.825 (Callaghan 1975)]. Although the contract to sell was entered into on February 2, 1979, the land contract and bills of sale were executed March 29, 1979. On the same day the assumed name certificate was executed and sworn to by Beachums. It was filed April 18, 1979. Crowells argue that as a result they lacked any notice at the time the negotiations took place that they were dealing with a partnership, and that they have thereby been misled to their detriment. The Court fails to see in what way this might operate to harm plaintiffs. Unlike those cases in which a creditor seeks to establish that there *is* a partnership in order to collect from the assets of an individual partner, Twin Oaks here acknowledges itself as a partnership, so no potential assets have been shielded from plaintiffs without their knowledge or consent.

What is Twin Oaks Golf Course if not a partnership? Parties may receive income as co-owners of property with others such as by joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property or joint ownership. Such a holding does not establish a partnership. Uniform Partnership Act Sec. 7, Mich. Comp.Laws § 449.7 [Mich.Stat.Ann. § 20.7

(Callagahn 1975)]. But here there is not only a community of property but also the day by day operation of a business. In many of the cases cited above the question was whether there was an employment relationship rather than a partnership. But if this is true in the present action, who is the employer—Mr. Beachum or Mrs. Beachum? *Miller* involved a new wife joining her husband's well established business. Here both parties have participated from the outset. Together, they established the new business. There is no evidence that at any time one party or the other was dominant in the operations.

The association formed by the Beachums meets all of the tests set up by either the Uniform Partnership Act or *Beecher v. Bush, supra.* Therefore, I find that the debtor is a partnership.

This is a case filed under Chapter 11 of Title 11 of the United States Code. A person that may be a debtor under Chapter 7 of Title 11, except a stockbroker or a commodity broker, may be a debtor under Chapter 11 of Title 11. 11 U.S.C. Sec. 109(d). A person may be a debtor under Chapter 7 of Title 11 only if such a person is not a railroad, a domestic insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, credit union, or a foreign insurance company, bank, savings bank, savings and loan association, building and loan association, homestead association or credit union, engaged in such business in the United States. 11 U.S.C. Sec. 109(b). A "person" includes a partnership. 11 U.S.C. Sec. 101(30). Therefore, Twin Oaks Golf Course was a proper entity to file a voluntary petition under Chapter 11.

Complaint is dismissed with prejudice but without costs.