IDEN *v.* HUBER.

1. FRAUDULENT CONVEYANCES—ONE HAVING TORT CLAIM IS "CREDITOR."

   That claim arose out of tort does not prevent claimant from being "creditor" within meaning of uniform fraudulent conveyance act (3 Comp. Laws 1929, § 13392).

2. SAME—INTENT.

   Every conveyance made and every obligation incurred by person who is or will be thereby rendered insolvent is fraudulent as to creditors, without regard to his actual intent, if conveyance is made or obligation incurred without fair consideration (3 Comp. Laws 1929, § 13395).

3. SAME.

Every conveyance made and every obligation incurred with actual intent as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors (3 Comp. Laws 1929, § 13398).

4. SAME—ASSIGNMENT OF CLAIM AGAINST INSURER—MOTOR VEHICLES.

Where automobile owner assigned to insurance company chose in action against it without fair consideration, one having claim against said owner arising out of automobile accident is entitled to have said assignment set aside as in fraud of creditors to extent necessary to satisfy said claim (3 Comp. Laws 1929, §§ 13394, 13400).

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 12, 1932. (Docket No. 89, Calendar No. 36,317.) Decided June 6, 1932.

Bill in aid of execution by La Vera M. Iden against Robley Huber, Jane McDonald, and Lincoln Mutual Casualty Company, a Michigan corporation. Decree for plaintiff. Defendants appeal. Affirmed.

*Howard W. Cavanagh, Jacobs & Gronewold,* and *Walter P. North,* for plaintiff.

*Stewart A. Ricard* and *Stevens T. Mason,* for defendants.

POTTER, J. Plaintiff was injured in an accident by an automobile owned by defendant Jane McDonald and driven by defendant Robley Huber. She recovered a judgment in the circuit court for $7,000 against defendants. The defendant insurance company had insured defendant McDonald against liability for accidents of the kind suffered by plaintiff to the extent of $10,000. After judgment rendered against the principal defendants, an execution was issued against them and returned unsatisfied. Garnishment proceedings were instituted

against the insurance company, which disclosed that, after the accident, it denied liability on its policy of insurance and settled with the defendants for $150 and the cost of defending the suit, and was thereby discharged from liability; whereupon plaintiff filed a bill in the nature of a bill in aid of execution to set aside this settlement on the ground that by it the principal defendants attempted to fraudulently transfer assets arising from the insurance company's liability on the insurance policy beyond the reach of plaintiff as a creditor, and that this settlement and release of liability was void because in violation of the fraudulent debtor's act. It is claimed by defendant insurance company the plaintiff can have no greater rights than defendant Jane McDonald had, and inasmuch as defendant Jane McDonald settled with the insurance company and released it from liability, the plaintiff cannot recover. This is not the law. If the defendant McDonald was a party to a fraudulent settlement, made for an inadequate consideration, with the insurance company, by which it was sought to beat plaintiff out of her ability to realize upon the judgment which she recovered, defendant McDonald might not, on account of her fraud, be able to maintain a suit to set aside this release and transfer of a chose in action fraudulently conveyed away to beat plaintiff, on the general theory the law leaves parties to a fraudulent transaction where it finds them, and will not lend its aid to assist them out of a position in which they have fraudulently placed themselves; but this is the reason plaintiff may recover, upon the theory defendant McDonald fraudulently transferred this chose in action by releasing the insurance company from liability. Defendant McDonald could not take advantage of her own fraud, but plaintiff, in an action of this kind, may reach assets fraudulently con-

veyed by reason of defendant McDonald's fraud. This is the important question involved.

A creditor is defined by the uniform fraudulent conveyance act as a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent. 3 Comp. Laws 1929, § 13392. Plaintiff was a creditor. The fact that plaintiff's claim arose out of a tort does not prevent her being a creditor. *Schaible* v. *Ardner*, 98 Mich. 70; *Dutcher* v. *Van Duine*, 242 Mich. 477. Defendants were apparently insolvent. Execution against them had been issued and returned unsatisfied. Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent, if the conveyance is made or the obligation incurred without a fair consideration (3 Comp. Laws 1929, § 13395); and every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors (3 Comp. Laws 1929, § 13398).

The assignment by defendant of the chose in action which she had against the insurance company arising from its liability on the insurance policy issued to her was not conveyed to the insurance company upon a fair consideration within the meaning of 3 Comp. Laws 1929, § 13394, and therefore plaintiff is entitled to have the conveyance set aside or obligation annulled to the extent necessary to satisfy her claim. 3 Comp. Laws 1929, § 13400. We think the trial court arrived at a correct conclusion.

Decree affirmed, with costs.

CLARK, C. J., and MCDONALD, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred. NORTH, J., did not sit.