JACOBS *v.* MARTZ

1. NEGLIGENCE — DUTY OF DEFENDANT TO PLAINTIFF — APPEAL AND ERROR — SAVING QUESTIONS FOR REVIEW.

In negligence case issues as to the basis for liability not raised either on motion to dismiss at conclusion of plaintiff's case or at the conclusion of trial cannot be raised for the first time on appeal.

2. SAME—BUILDER—EVIDENCE—FINDINGS OF FACT.

Finding by trial court that defendant was engaged in constructing homes and was not an amateur builder, because he had built five homes over a six-year period for his own use, *held*, not clearly erroneous and therefore will not be set aside on appeal (GCR 1963, 517.1).

3. SAME — EXTENT OF LIABILITY — DANGEROUS INSTRUMENTALITY — BUILDER.

An independent contractor remains liable to persons injured as a result of his negligence, even after the completion of his work and its acceptance by another, when the contractor has done work on an instrumentality and by his work has made the instrumentality imminently dangerous to those who would use it in the ordinary course of events and the person who accepts the instrumentality has no way of knowing of the dangerous condition.

4. SAME—INJURY—PROXIMATE CAUSE—PASSAGE OF TIME.

Mere passage of time between defendant's negligent act and plaintiff's injury will not serve to transform what would be a proximate cause of an injury into a remote cause.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 726.
[2] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[3] 13 Am Jur 2d, Building and Construction Contracts §§ 138–140.
[4] 38 Am Jur, Negligence § 55.

Appeal from Kalamazoo, Sweet (Lucien F.), J. Submitted Division 3 October 8, 1968, at Grand Rapids. (Docket No. 4,303.) Decided December 23, 1968. Leave to appeal denied June 4, 1969. See 382 Mich 758.

Complaint by Michael Jacobs, by Cleo Jacobs, his father and next friend, and by Cleo Jacobs for himself against Clarence Martz for negligence in the construction of a home. Judgment for plaintiffs. Defendant appeals. Affirmed.

*John L. Schwendener,* for plaintiffs.

*Fox, Thompson & Morris* (*Gregg E. Stover,* of counsel), for defendant.

FITZGERALD, J. Plaintiffs are respectively a son and his father, the former having been injured in the collapse of a fireplace in a house sold by defendant to the plaintiff father.

Defendant built the house in question in 1957 and lived there with his family for 2 years before he sold it to plaintiff Cleo Jacobs in 1959. The original action named another defendant, Arthur Bunker, as the person who had done the initial work in building the defective fireplace. A motion for a judgment of no cause of action at the close of the trial dismissed defendant Bunker from the case.

A brief history of the premises in question sets the stage for this appeal. Defendant, a school teacher, had built 4 homes previous to the one involved here, each a little more elaborate than the previous one. In 1957, he purchased a lot on Algonquin Lake near Hastings and constructed the house which contained the offending fireplace, living there with his family

until 1959 when he sold the house and removed to another location so that he might pursue further education.

When the Algonquin Lake house was built in 1957, the construction became something of a community project, a number of people assisting, including plaintiff Cleo Jacobs, the ultimate purchaser; Arthur Bunker, aforementioned; and relatives. Plans called for a family room in the basement which was to contain a fireplace, and the early portion of construction on the fireplace was done by Bunker. Before completion, however, defendant asked Bunker to stop work on it due to a lack of funds. In his testimony at trial, defendant suffered from a specific lapse of memory as to who completed the fireplace, stating that it could have been done by himself, his brother, or by a friend, and, further, that he did not know who laid the mantel or how many bricks were laid above the course where Bunker left off. Testimony was given, however, that the completion of the fireplace was negligently done due to insufficient tying of the bricks.

The Jacobs family moved into the house in 1959 and lived there for 5 years before the accident happened. In early 1964, they had guests for dinner, following which the children went to the basement to play. Plaintiff Michael Jacobs went to the fireplace, placed his hands on it, leaned under and attempted to see the sky through the chimney. The fireplace began to topple, and, though he moved to get out of the way, part of the brick structure landed on his leg and foot, resulting in the injuries complained of.

The case was tried without a jury and defendant Martz was found liable on the basis of negligence (a second count had included an implied warranty theory but was not considered by the court). Judg-

ment was awarded in favor of plaintiff father for
$741.44 and for plaintiff son in the amount of $7,500.
Appeal was taken.

Defendant directs the thrust of his appeal to a
failure of plaintiffs to meet their burden of proving
a duty owed by defendant in that they did not es-
tablish who built the fireplace and further did not
establish the relationship between defendant and
whoever did build the fireplace. With this conten-
tion we cannot agree and must further reject it as
a question on appeal. The record discloses that
this issue was not raised on the motion to dismiss
filed at the conclusion of plaintiff's case or at the
conclusion of trial. Apparently the defense theory
throughout the proceedings rested on the fact that
defendant was an amateur builder and did not have
a duty commensurate with that of a contractor who
builds homes for profit. An appropriate statement
indicating the position in which we find this matter
is found in 7A Callaghan's Michigan Pleading &
Practice, § 57.31:

"It is elementary that, to be reviewable on ap-
peal, questions must ordinarily be first presented to
the trial court, especially where inconsistent with
the theory on which the party tried the case in the
trial court, and that in case of an adverse ruling
thereon, the ruling must be preserved for review by
appropriate objection, request or motion. The rea-
son for this rule as to objections is that the opposite
party should have the opportunity to avoid, by
amendment or by supplying defects in his proof, the
effect of the objection. So, ordinarily, relief not
asked of a trial court will not, on appeal, be granted
in the appellate court." (citing cases)

The court refuted defendant's contention that he
was an amateur in these words:

"However, this court finds the fact to be that he was, during these years, engaged in constructing homes, and disposing of them, in addition to his working at his profession of school-teaching. He was not what we think of as an amateur builder."

A review of the record indicates that the trial court was satisfied that plaintiffs had sustained their burden of proof, and unless clearly erroneous, these findings are not set aside on appeal. GCR 1963, 517.1; *Eberts Cadillac Company* v. *Miller* (1968), 10 Mich App 270. The evidence adduced preponderates in the direction of the determination made by the trial court.

The state of the law as respects the liability of a contractor is extensively discussed in defendant's brief, all of it aiming at the contention that defendant is not liable for his actions in the instant case. We feel, however that it is sufficiently settled that the State of Michigan follows the so-called "modern" rule when it comes to the construction or manufacture of a thing that is "reasonably certain to place life and limb in peril when negligently made". *Hale* v. *Depaoli* (1948), 33 Cal 2d 228 (201 P2d 1), citing *MacPherson* v. *Buick Motor Company* (1916), 217 NY 382 (111 NE 1050). That Michigan follows this rule was established in *Benton Harbor Malleable Industries, Inc.,* v. *Pearson Construction Company* (1957), 348 Mich 471, in the following words (p 475):

"The decided weight of authority supports the proposition that where an independent contractor has done work on an instrumentality, and by his work makes the instrumentality imminently dangerous to those he knew would use it, he remains liable, even after the completion of his work and its acceptance by the contractee, to third persons injured as the result of his negligence, if the contractor knew, or in view of the peculiar circumstances

of the case should have known, the dangerous condition by him created, and the contractee had no knowledge of the dangerous condition or defects, which was so concealed that reasonable inspection by the contractee would not have discovered it."*

A matter which perhaps deserves a bit of discussion *obiter* relates to the length of time (7 years) which elapsed from the construction of the fireplace to the injury complained of. A succinct discussion of this aspect is found in Prosser, Law of Torts (3d ed), § 50, Unforeseeable Consequences. Therein it is stated (p 291):

"The New York courts have attempted to set an arbitrary rule, in terms of what is foreseeable, by requiring that the consequences be not too far removed in time or space from the defendant's conduct. * * * All other jurisdictions have rejected any such attempt to fix a rule. Remoteness in time or space undoubtedly has its importance in determining whether the defendant has been a substantial factor in causing the harm at all, and may well lead to the conclusion that he has not; or it may give rise to the likelihood that other intervening causes have taken over the responsibility. But when causation is found, and other factors are eliminated, it is not easy to discover any merit whatever in the contention that such physical remoteness should of itself bar recovery."

Our Supreme Court, when called upon to rule on the remoteness issue, stated in *Parks* v. *Starks* (1955), 342 Mich 443, "no authorities are cited by defendant in which it is held that the mere lapse of time between defendant's negligence and plaintiff's resultant injuries will serve to transform that which otherwise would be a proximate cause into

---

* See, also, *Sitta* v. *American Steel and Wire Division of United States Steel Corporation* (CA 6, 1958), 254 F2d 12, citing *Benton Harbor, supra,* as placing Michigan in the category of those jurisdictions which observe the "thing of danger" rule.

a remote cause excusing defendant from liability".
The court further quotes from 38 Am Jur, Negli-
gence, § 55, p 703:

"The proximate cause of an injury is not neces-
sarily the immediate cause; not necessarily the cause
nearest in time, distance, or space. Assuming that
there is a direct, natural, and continuous sequence
between an act and an injury, * * * the act can
be accepted as the proximate cause of the injury
without reference to its separation from the injury
in point of time or distance."

The trial court, in concluding its opinion, recog-
nizes this aspect of the instant case in the following
words:

"In completing the construction of this fireplace,
or in directing its completion, Martz knew, or should
have known, that it was to be a part of a basement
recreation room in a home—a room to be used for
recreational purposes, particularly by children. He
knew, or should have known, that others besides him-
self would be using the room, including members of
his family and guests of his, and future occupants
of the home and their guests. He knew, or should
have known, by the exercise of reasonable care, that
completing the construction of the fireplace in the
manner in which it was completed would put all
future occupants of this room in danger should they,
in the course of their activities, exert a downward
or outward pressure on the mantel of the fireplace
in a normal manner and under otherwise normal
conditions.

"It is the conclusion and decision of this court
that Martz was negligent, and that his negligence
was the direct and proximate cause of the injuries
to the plaintiff minor."

Affirmed. Costs to appellees.

LESINSKI, C. J., and TEMPLIN, J., concurred.