ROBERTS v DUDDLES

1. APPEAL AND ERROR—NONJURY TRIAL—FINDINGS OF FACT.
   The findings of a judge in a nonjury trial will not be reversed
   unless they are clearly erroneous.

2. TRIAL—ACTION—GENERAL COURT RULES—AMENDED ANSWER.
   The General Court Rules provide that failure properly to object
   to the joinder of claims before or at pretrial waives the objec-
   tion; it was not error for a trial court to permit and consider an
   amended answer and counterclaim filed prior to a pretrial
   conference raising an issue which was impeached by the first
   answer (GCR 1963, 203.1, 203.2).

3. TRIAL—JURY    TRIAL—DEMAND—DISCRETION—GENERAL    COURT
   RULES.
   The General Court Rules provide that demand for a jury trial
   must be made not later than 30 days after the filing of an
   answer to the complaint; a trial court did not abuse its discre-
   tion in denying a request for a jury trial where the request was
   made by the plaintiff more than 4 months after the filing of the
   amended answer by the defendants (GCR 1963, 508.2[1]).

4. ADVERSE POSSESSION—PLATTED LAND.
   Platted land is no less subject to adverse possession than unplat-
   ted land so long as the incidents of adverse possession are
   complied with; the acknowledgement and recording of a plat
   creates no adverse possession estoppel between successor own-
   ers.

Appeal from Mecosta, Harold Van Domelen, J.
Submitted Division 3 May 8, 1973, at Grand Rap-
ids. (Docket No. 13649.) Decided May 25, 1973.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 839–845.
[2] 53 Am Jur, Trial §§ 134, 143.
[3] 53 Am Jur, Trial § 12.
[4] 3 Am Jur 2d, Adverse Possession §§ 25–31.

Complaint by Earl Roberts against James E. Duddles, Reita Duddles, Stanley R. Spooner and Beulah Spooner to settle a boundary dispute. Complaint dismissed. Plaintiff appeals as to dismissal of the complaint against defendants Duddles. Affirmed.

*Robert L. Miles,* for the plaintiff.

*George Van Kula,* for defendants Duddles.

Before: DANHOF, P. J., and McGREGOR and MILES,* JJ.

PER CURIAM. This is a dispute concerning a boundary line and adverse possession. Any action against defendants Spooner is not involved in this appeal.

Plaintiff is the owner of Lot 22, River Bend Bluffs Plat, Mecosta County, by virtue of a warranty deed dated March 10, 1958. Defendants Duddles are owners of Lot 21 in said plat. In a claim that the Duddles are encroaching on his Lot 22, plaintiff seeks to enjoin such encroachment. Defendants Duddles claim they own the land in dispute by right of adverse possession. A rough diagram copied from defendants' Exhibit A indicates the source of the trouble:

Plaintiff's surveyor, Edward Birch, indicated that plaintiff owned a piece of land of a parallelo-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

gram shape (see dotted lines). Defendants' surveyor, Donald Verba, drew a survey map based upon his findings, which limited plaintiff's property to a pie-shaped parcel.

Plaintiff claims he purchased his Lot 22 according to the recorded plat of River Bend, which gives him title to the disputed strip.

The trial court, in a nonjury trial, made the following findings of fact:

1. From the time of their purchase from the proprietor of said plat, Lots 21 and 22 have not been occupied in accordance with the platted boundaries.

2. Ruffcorn, the Duddles' predecessor in title, occupied the land adversely under claim of ownership to the exclusion of plaintiff and his predecessor.

3. At the time of the Duddles' sale, the Ruffcorns specifically designated the boundary lines which enclosed the land now claim by Duddles, and specifically verbally granted and conveyed the land by deed to Duddles.

4. Commencing in 1952, the Ruffcorns cleared said land, built a home, planted trees on the boundaries and elsewhere, maintained a lawn, planted a garden, constructed a driveway, and generally exercised complete possession over the same.

5. Since their purchase from Ruffcorns in 1968, the Duddles have continued to occupy said premises in substantially the same manner.

6. The testimony and exhibits establish that defendants and their predecessors in title were in adverse possession of this land for the statutory period.

7. There was tacking of adverse possession.

8. Defendants Duddles have proved by a prepon-

derance of evidence that they and their predecessors in title have adversely possessed the land in dispute for 15 years and upwards.

9. The plaintiff has failed to prove by a preponderance of evidence that he is entitled to possession of the disputed land.

10. Therefore, the judgment of this Court is that plaintiff's action be dismissed and that Duddles have judgment confirming their title in the land.

From our review of the evidence, we conclude that the findings of the trial court are supported by the record. Findings of a judge in a nonjury trial will not be reversed unless they are clearly erroneous. GCR 1963, 517.1; *Hughson v O'Reilly,* 7 Mich App 324 (1967). We are not convinced that an opposite result should have been reached. *Tait v Ross,* 37 Mich App 205 (1971).

In their initial answer to the complaint, defendants indicated that they had purchased Lot 21, according to the recorded plat.

Plaintiff claims that the court erred in permitting and considering a later amended answer and counterclaim which raised the issue of adverse possession and that the later pleading was impeached by the first answer. We do not agree.

No pretrial conference was held prior to defendants' amended answer and counterclaim. Failure properly to object to the joinder of claims before or at pretrial waives the objection. GCR 1963, 203.1, 203.2. In view of the court rule, plaintiff's impeachment argument is without merit.

Denial of plaintiff's demand for a jury trial was not error. The record discloses that defendants' amended answer and counterclaim was filed on February 19, 1971. Plaintiff's jury petition was entered on June 28, 1971. Demand for a jury must be made not later than 30 days after the filing of

the answer to the complaint. GCR 1963, 508.2(1). The trial court did not abuse its discretion. *Gailitis v Bassett,* 5 Mich App 382, 383 (1966).

The respective parties were successors in title to the owner or owners of the platted River Bend subdivision. Plaintiff contends that the acknowledgement and recording of a plat creates an adverse possession estoppel between successor owners. So long as the incidents of adverse possession are complied with, platted land is no less subject to adverse possession than unplatted land. To hold otherwise would defeat the historical and general application of the doctrine.

Affirmed.