## JAMISON v LLOYD

1. TRIAL—PRETRIAL CONFERENCE—PRETRIAL SUMMARY—COURT RULES.

   A pretrial conference is conducted before trial in order to simplify and to narrow the issues of the case and to avoid traps and surprises, and the pretrial summary issued by the court after the pretrial conference controls the subsequent course of the litigation (GCR 1963, 301.3).

2. TRIAL—PRETRIAL SUMMARY—MODIFICATION—DISCRETION—COURT RULES.

   A trial court in its sound discretion may modify a pretrial summary either at or before trial to prevent manifest injustice (GCR 1963, 301.3).

3. TRIAL—JURY TRIAL—DEMAND—FEES—DISCRETION.

   A trial court may in its sole discretion grant a jury trial even though a party fails to make a demand in writing or to pay the requisite fee before the close of the pretrial conference (Const 1963, art 1, § 14; MCLA 600.2537; GCR 508.2[1], 508.4).

4. TRIAL—JURY TRIAL—PRETRIAL SUMMARY—MODIFICATION—DISCRETION.

   Submission of a case to a jury which in effect modified the pretrial summary was not an abuse of discretion where a plaintiff seeking a jury trial made no written demand for a jury but did pay the jury fee at the pretrial conference because the defense counsel was present at the pretrial conference when the jury fee was paid and accordingly was put on notice that plaintiff expected the case to be tried before a jury; therefore, the defendant was neither surprised nor prejudiced by the trial court's decision to empanel a jury.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial § 11.
   Power of court to adopt general rules requiring pretrial conference as distinguished from exercising its discretion in each case separately, 2 ALR2d 1061.
[3, 4] 47 Am Jur 2d, Jury §§ 20, 60, 88, 89.
[5, 6] 53 Am Jur, Trial § 110.
[7] 22 Am Jur 2d, Damages § 366 *et seq.*

5. TRIAL—PRETRIAL SUMMARY—WITNESSES—UNLISTED WITNESSES—
DISCRETION—COURT RULES.

A trial court has the discretionary power to allow the parties to
call witnesses who are not listed on the pretrial summary (GCR
1963, 301.10).

6. TRIAL—PRETRIAL SUMMARY—WITNESSES—UNLISTED WITNESSES—
DISCRETION.

Permitting a plaintiff to call a witness who was not listed on the
pretrial summary was not an abuse of discretion where a
review of the record reveals that the trial court afforded
defense counsel ample opportunity to question the witness
before the witness was called by plaintiff and where the trial
court also allowed the defendant to call a witness who was
likewise not listed on the pretrial summary.

7. DAMAGES—EXCESSIVE DAMAGES—EVIDENCE—APPEAL AND ERROR.

The amount of a verdict, if supported by evidence presented at
trial and within the range of proofs, will not be disturbed as
excessive on appeal, and the mere fact that a jury found a
plaintiff entitled to less than the amount claimed by the
plaintiff is irrelevant.

Appeal from Wayne, Nathan J. Kaufman, J.
Submitted Division 1 November 16, 1973, at De-
troit. (Docket No. 14688.) Decided March 4, 1974.
Leave to appeal applied for.

Complaint by Louis Jamison against Elizabeth
Lloyd to recover money due for labor performed on
two houses owned by defendant. Judgment for
plaintiff. Defendant appeals. Affirmed.

*Eric E. Zisman,* for plaintiff.

*Pappas & Ellias,* for defendant.

Before: V. J. BRENNAN, P. J., and T. M. BURNS
and VAN VALKENBURG,* JJ.

T. M. BURNS, J. Defendant appeals from a jury
verdict of $6,726.55 in favor of the plaintiff for

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

labor performed on two houses owned by the defendant.

At trial the evidence disclosed that during the latter part of 1966, the plaintiff was employed by the defendant to do masonry work on two houses owned by the defendant. Although plaintiff was not licensed to enter contracts repairing or remodelling homes for fixed sums, or to bring suit for the enforcement of such contracts, he was nonetheless able to accept employment of this nature on an hourly basis. See MCLA 338.1501; MSA 18.86(101); MCLA 338.1502(b)(c); MSA 18.86(102)(b)(c); MCLA 338.1516; MSA 18.86(116). Conflicting testimony was presented regarding the type of agreement reached by the parties. Plaintiff testified that he was to be paid $6.50 per hour for the work in question and that since he had worked nine to ten hours a day, seven days a week, over a period of several months, the defendant owed him approximately $14,000. On the other hand the defendant related that plaintiff agreed to make the repairs for $1,000 and that plaintiff had been adequately compensated for the work performed. After all of the evidence was presented, the jury returned a verdict in favor of the plaintiff. Defendant appeals, raising several issues which will be discussed and decided in the manner presented below.

## I

The pretrial summary in the case at bar specified *inter alia* that the suit was to be tried without a jury and that only the witnesses listed in the pretrial summary were to be called. The trial court modified the pretrial summary by granting plaintiff's motion for a jury trial and by permitting

both the defendant and plaintiff to call witnesses who were not listed in the pretrial summary.

Defendant argues that the submission of the case to a jury adversely affected the preparation and presentation of the case and that the trial court erred by affording no opportunity to exercise the right of discovery before it allowed plaintiff to call a witness who was not listed in the pretrial summary.

A pretrial conference is conducted before trial in order to simplify and to narrow the issues of the case and to avoid traps and surprises. *Applebaum v Wechsler,* 350 Mich 636; 87 NW2d 322 (1957). It is, therefore, fundamental that the pretrial summary issued by the court after the pretrial conference controls the subsequent course of the litigation. GCR 1963, 301.3. However, the trial court in its sound discretion may modify the pretrial summary either at or before trial to prevent manifest injustice. *Bednarsh v Winshall,* 374 Mich 667; 133 NW2d 202 (1965); *Reinhardt v Bennett,* 45 Mich App 18; 205 NW2d 847 (1973). See also GCR 1963, 301.3.

With these principles in mind, we turn to the question of whether the trial court erred by granting the plaintiff a trial by jury. To preserve the right to trial by jury the party requesting the jury must make a demand in writing within 30 days after the answer or reply is filed and also pay the requisite fee before the close of the pretrial conference. Const 1963, art 1, § 14; MCLA 600.2537; MSA 27A.2537; GCR 1963, 508.2(1), 508.4. Even though a party fails to abide by the foregoing procedures, the trial court may in its sole discretion grant a jury trial. *Ritchie v Macinkowicz,* 3 Mich App 275; 142 NW2d 45 (1966).

There is no evidence presented here that plain-

tiff made a written demand for a jury. Nonetheless the record reveals that the jury fee was paid at the pretrial conference. However, as previously recounted, the pretrial summary stated the case would be tried without a jury. Although plaintiff's counsel did not object to this apparent discrepancy in the pretrial summary and should have been more diligent in bringing the matter to the trial court's attention, he requested a jury at the beginning of trial and the request was granted. It is important to note that the defense counsel was present at the pretrial conference when the jury fee was paid and accordingly was put on notice that plaintiff expected the case to be tried before a jury. In light of this factor, we cannot find that the defendant was either surprised or prejudiced by the trial court's decision to empanel a jury. Therefore, under these circumstances we hold that the trial court's decision to submit the case to the jury, which in effect modified the pretrial summary, was not an abuse of discretion.

Having determined that the trial court did not err by granting plaintiff's request for a jury, we next examine whether defendant was denied the right of discovery when the trial court allowed the plaintiff to call a witness who was not listed in the pretrial summary.

The defendant's brief states that the trial court erred by permitting the defendant to call a witness who was not listed on the pretrial summary and "who the defense counsel had no opportunity to subject to discovery".

The trial court has the discretionary power to allow the parties to call witnesses who are not listed on the pretrial summary. This is borne out by GCR 1963, 301.10, which provides that wit-

nesses not mentioned on the lists of witnesses counsel are required to exchange within ten days after receiving the notice of the pretrial conference may not be called at trial "except by leave granted upon a showing of good cause".[1] The lists of witnesses exchanged by counsel were not produced on appeal. However, inasmuch as the witness in question called by the plaintiff was not noted on the pretrial summary we will assume for the purpose of this appeal that the witness's name did not appear on the lists exchanged by counsel.

While it is true that a witness called by the plaintiff was not listed on the pretrial summary, the record belies defendant's contention that there was no chance for discovery. A review of the record reveals that the trial court afforded defense counsel ample opportunity to question the witness before the witness was called by the plaintiff. Therefore, defendant's argument that discovery was denied is without merit.

Moreover, we find that the trial court also allowed the defendant to call a witness who was likewise not listed on the pretrial summary. Plaintiff was given the opportunity to question this witness before the witness was called to the stand. Apparently the trial court was of the opinion that the unlisted witnesses were necessary to give the jury a more complete understanding of the case. In light of the trial court's reciprocal action of permitting both counsel to call witnesses who were not listed on the pretrial summary after affording adequate discovery to both sides, we hold that the trial court did not abuse its discretion by permitting the plaintiff to call a witness who was not listed on the pretrial summary and that defendant

[1] For the similar rule in Wayne County wherein the instant trial was conducted see Wayne County Circuit Court Rule 12.1.

waived any objections by utilizing the very procedure complained of on appeal.

## II

Defendant claims that the verdict was against the great weight of the evidence or in other words that the verdict was excessive. The defendant moved for a new trial, raising this argument before the court below; therefore, defendant's argument is properly before this Court. *McFadden v Tate,* 350 Mich 84; 85 NW2d 181 (1957).

There was conflicting testimony presented concerning the type of agreement which existed between the parties and the amount and method of compensation. Plaintiff testified that he was employed on an hourly basis while the defendant maintained that defendant was hired for a fixed sum of $1,000. Plaintiff related that the hourly rate agreed upon was $6.50. He stated that he worked nine to ten hours per day, seven days a week, over a period of several months and according to his calculations was entitled to approximately $14,000. Defendant stated plaintiff had been paid $800 of the $1,000 allegedly agreed upon and was adequately compensated for the work performed.

It was the duty of the jury to resolve the conflicts in the evidence and determine the facts. First the jury was required to decide whether the contract between the parties was for a fixed sum which would bar plaintiff's suit or for an hourly figure which would not foreclose the plaintiff from instituting suit. In the event it was found the contract was to be on an hourly basis, the jury was to ascertain what the hourly agreement was and how many hours the plaintiff worked.

It is patent from the verdict that the jury gave credence to the plaintiff's testimony, found that plaintiff was employed on an hourly basis, calculated the rate to which plaintiff was entitled, and multiplied this figure by the number of hours it ascertained the plaintiff worked. The mere fact the jury found that plaintiff worked $6,000 worth of time rather than the amount claimed by the plaintiff is irrelevant. The verdict was supported by evidence presented at trial, was within the range of proofs and, therefore, will not be disturbed on appeal. *Coger v Mackinaw Products Co,* 48 Mich App 113; 210 NW2d 124 (1973).

### III

Defendant also asserts that the conduct of plaintiff's attorney throughout the trial rendered the trial unfair.

The alleged misconduct of plaintiff's counsel need not be detailed. Suffice to say we have carefully reviewed the alleged instances of misconduct in conjunction with the trial court's instructions to the jury and find no prejudicial error.

Affirmed.

All concurred.