HUDSON v MAHER

1. TORTS—ACCRUAL OF CLAIM—CLAIMANTS—CREDITORS.

A tort claimant is a creditor from the date of the tort.

2. FRAUDULENT CONVEYANCES—FAIR CONSIDERATION—INSOLVENCY— INTENT.

The actual intent of one who transfers assets to others without a fair consideration is unimportant where it leaves the transferor insolvent.

3. JUDGMENT—SUMMARY JUDGMENT—INSOLVENCY—INTENT TO DE- FRAUD.

Plaintiffs were entitled to a summary judgment as a matter of law on the questions of insolvency and intent to defraud on the part of the defendant where there was no genuine issue of any material fact regarding these questions (GCR 1963, 117.2[3]).

4. EQUITY—JURISDICTION—TRANSFER OF PROPERTY—JURY TRIAL.

Equity has jurisdiction where complete protection and relief requires the cancellation of written instruments, the rescission of a transaction, or other specific relief of an equitable charac- ter and therefore a demand for a jury trial was properly denied because equity disposition was required where transfers of real estate and stock were contested.

5. TRIAL—NONJURY TRIAL—FINDINGS OF FACT—REVIEW—COURT RULES.

Findings of fact based upon credibility assessment and conflicting evidence in an action tried upon the facts without a jury will

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Creditors' Bills § 57.
[2] 37 Am Jur 2d, Fraudulent Conveyances §§ 15–18.
[3] 47 Am Jur 2d, Judgments § 980.
   73 Am Jur 2d, Summary Judgment §§ 4, 5.
[4] 27 Am Jur 2d, Equity §§ 102–117.
[5] 53 Am Jur, Trial § 1131.
   20 Am Jur 2d, Courts §§ 82–86.
   Power of court to prescribe rules of pleading, practice, or procedure.
   158 ALR 715.

not be overturned where review of the record does not indicate they are clearly erroneous (GCR 1963, 517.1).

Appeal from Barry, Richard Robinson, J. Submitted Division 3 June 6, 1974, at Lansing. (Docket No. 18583.) Decided August 15, 1974.

Complaint by Andrew Hudson and Deborah Hudson, a minor, against Lela May Maher, Richard W. Maher, James A. Maher, and Charles Burton for the annulment of fraudulent transfers of property. Judgment for plaintiffs. Defendants appeal. Affirmed.

*John P. O'Brien,* for plaintiffs.

*Orr, Tompert & Holmes,* for defendants.

Before: McGregor, P. J., and R. B. Burns and O'Hara,* JJ.

R. B. Burns, J. This appeal involves fraudulent conveyances. On August 5, 1966, Lela Maher was involved in an automobile accident with the Hudsons.

On October 5, 1967, the defendant transferred her home and lake cottage to her stepsons. No cash was received; these transfers were described as gifts so the boys could share in their deceased father's community property.

On March 2, 1972, the Hudsons recovered a judgment in the amount of $100,000. Lela's insurance company paid plaintiffs $20,000, leaving a balance of $80,000. Her total assets at the time of the accident consisted of her home ($12,000); the cottage ($10,000); stocks ($27,000) for a total approximating $49,000.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

On March 10, 1972, she then transferred stocks to defendant Burton who was her nephew and an attorney. No money was exchanged.

On May 18, 1973, summary judgment was entered setting aside the real estate 'conveyances of October 5, 1967, to the stepsons.

As a result of a non-jury trial on October 18, 1973, an order was entered setting aside the stock transfers to Burton. The Mahers and Burton appeal.

The Maher defendants contend that the order of summary judgment must be set aside and that a trial on the merits must be allowed on the questions of insolvency and intent to defraud.

A tort claimant is a creditor from the date of the tort. *Ashbaugh v Sauer,* 268 Mich 467, 472; 256 NW 486, 487 (1934); *Iden v Huber,* 259 Mich 3; 242 NW 818 (1932).

The transferees did not pay a valid consideration. Gifts or the satisfaction of moral obligations do not constitute equivalent value. MCLA 566.13; MSA 26.883.

The transfers rendered Lela Maher insolvent as to any future substantial tort debt. Plaintiffs' debt matured through the judgment. The combined value of the real estate was $22,000, the tort liability $80,000. The stock value, $27,000, later transferred to Charles Burton, does not change the fact of insolvency.

The actual intent of one who transfers assets to others without a fair consideration is unimportant where it leaves the transferor insolvent. *Farrell v Paulus,* 309 Mich 441; 15 NW2d 700 (1944); MCLA 566.14; MSA 26.884.

This case presents no genuine issue as to any material fact regarding insolvency or intent to defraud. Plaintiffs are, therefore, entitled to judg-

ment of these questions as a matter of law. GCR 1963, 117.2(3).

The motion for summary judgment was accompanied only by Lela Maher's deposition transcript. Defendants claim error on the ground that the special affidavits required by GCR 1963, 117.3 were not filed.

There was no objection or ruling by the court. The motion was thereafter argued in open court. We decline to consider this issue on appeal. 7A Callaghan's Michigan Pleading & Practice, § 57.31, p 301; *Jacobs v Martz,* 15 Mich App 186, 189; 166 NW2d 303, 304–305 (1968).

Lela Maher claims she had a right to a trial by jury in contesting the real estate and stock transfers. Jury consideration was requested and denied. The court's ruling was correct. Equity has jurisdiction where complete protection and relief requires the cancellation of written instruments, the rescission of a transaction, or other specific relief of an equitable character. *Haylor v Grigg-Hanna Lumber & Box Co,* 287 Mich 127, 133; 283 NW 1, 3 (1938); *First Baptist Church v Solner,* 341 Mich 209, 217; 67 NW2d 252, 256 (1954). See *Hosner v Brown,* 40 Mich App 515, 539; 199 NW2d 295, 308 (1972). This case required equity disposition. There was no error in the denial of the demand for jury trial.

Lela Maher testified that Charles Burton was a creditor who had performed substantial services for her in the past.

Charles Burton submitted a bill for $1,200 for services.

The trial court found as a fact, following the non-jury trial, that there was no enforceable agreement between Burton and Lela Maher, no services were rendered of a quantity or quality to consti-

tute adequate consideration and that the transfers were made for the purpose of avoiding creditors. Stated in simple terms, the court found Burton had no contract, he didn't do anything (quantity or quality) and he had nothing coming.

These findings are based upon credibility assessment and conflicting evidence. Our review of the record does not indicate they are clearly erroneous. GCR 1963, 517.1; *Roberts v Duddles,* 47 Mich App 601, 604; 209 NW2d 720, 722 (1973). Nor, are we convinced an opposite result should have been reached concerning the claims of Charles Burton. *Tait v Ross,* 37 Mich App 205; 194 NW2d 554 (1971); *Leidig v Rockwood & Co,* 48 Mich App 248, 252; 210 NW2d 257, 259 (1973).

Affirmed. Costs to plaintiffs.

All concurred.