YON v THE ALL AMERICAN TRANSPORT COMPANY, INC

Docket No. 46027. Submitted January 13, 1981, at Detroit.—Decided March 3, 1981.

Leo and Charlotte Yon brought a negligence action in Wayne Circuit Court against The All American Transport Company, Inc., and Charles Dill. Defendants filed an answer denying liability and, at the same time, filed a jury demand. At a settlement conference one hour before trial was to begin, it was discovered that the jury fee had not been paid. Plaintiffs offered to pay the fee but the trial court, Daniel J. Van Antwerp, J., refused to accept, stating that the fee would be accepted from defendants' lawyer if defendants desired to pay the fee. Defendants declined to pay the fee and, as a result, a bench trial was held. At the close of plaintiffs' proofs, defendants moved for a directed verdict, which the court treated as a motion for dismissal. The motion was then granted and a judgment of no cause of action was entered. Plaintiffs moved for a new trial in part based on the court's denial of a jury trial. The motion was denied. Plaintiffs appeal. *Held:*

The trial court abused its discretion by refusing to allow a jury trial. The general court rules state that the jury fee must be paid by the close of the pretrial conference. There was no pretrial conference in this case pursuant to Wayne County Circuit Court rules, therefore, the time for payment of the fee was unclear. In addition, the computer docket printout from the circuit court shows that the jury fee had been paid. Plaintiffs had a right to rely on this information. Finally, the court rules do not contemplate a request by all parties desiring a jury trial and, once a jury has been demanded, either party has a

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur 2d, Jury §§ 57, 58, 60.
Discretion of District Court under Rule 39(b) of Federal Rules of Civil Procedure, authorizing it to order jury trial notwithstanding party's failure to make seasonable demand for jury. 6 ALR Fed 217.
[2, 3] 47 Am Jur 2d, Jury §§ 69, 71.
[3] 5 Am Jur 2d, Appeal and Error §§ 772, 774.
[4] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 48.

right to pay the jury fee. Plaintiffs were prejudiced by the trial court's erroneous denial of a jury trial and by the granting of the motion to dismiss.

Reversed and remanded.

1. TRIAL — JURY TRIAL — CIRCUIT COURTS — COURT RULES.

Two requirements must be satisfied before a party is entitled to a jury trial as a matter of right in circuit court: first, there must be a timely demand and, second, there must be timely payment of the jury fee (GCR 1963, 508.2[1], 508.4).

2. TRIAL — JURY TRIAL — JUDICIAL DISCRETION.

A trial court has the discretion to decide whether or not a jury will be utilized in a particular case where the party seeking a jury trial has failed to properly satisfy the prerequisites for obtaining a jury trial by right.

3. APPEAL — TRIAL — DENIAL OF JURY TRIAL — ABUSE OF DISCRETION.

A trial court's decision on whether or not to allow a trial by jury will not be overturned absent an abuse of discretion.

4. MOTIONS AND ORDERS — MOTION TO DISMISS — INFERENCES — EVIDENCE.

A trial court, in ruling upon a motion to dismiss, is not required to give the plaintiff the advantage of every inference and the most favorable interpretation of the evidence.

*Coleman, Lipson & Bradford, P.C.,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Larry Mason* and *Jeannette A. Paskin*), for defendants on appeal.

Before: V. J. BRENNAN, P.J., and BRONSON and BASHARA, JJ.

BRONSON, J. Plaintiffs commenced an action based on defendants' alleged negligence. Leo Yon sought damages for severe and permanent injuries, and Charlotte Yon sought damages for loss of consortium. On December 1, 1975, defendants filed their answer denying liability. At this time, they also filed a jury demand.

On May 17, 1979, at a settlement conference held in the judge's chambers one hour before trial was to begin, it was discovered that the jury fee had not been paid. Plaintiffs offered to pay the fee, but the trial judge refused. The trial court stated that it would accept the fee from defendants' lawyer's firm, however. Consequently, defendants' trial counsel phoned his clients to ascertain if they still desired a jury. Upon returning from making the call, he stated that his clients wished to proceed without a jury.

A bench trial was conducted on May 17 and 18, 1979. At the close of plaintiffs' proofs, defendants moved for a directed verdict pursuant to GCR 1963, 515.1. The trial court stated that he would treat the motion as one for dismissal pursuant to GCR 1963, 504.2, which he granted. A judgment of no cause of action was entered on June 1, 1979.

On June 7, 1979, plaintiffs moved for a new trial in part based on the court's denial of a jury trial. A hearing was held on June 22, 1979, and plaintiffs' motion was denied. Plaintiffs now appeal as of right, contending that the trial court abused its discretion in denying them a jury.

GCR 1963, 508, which governs demands for jury trials in the circuit courts, provides in pertinent part:

".2 Demand.

"(1) Actions Commenced in Circuit Courts. Any party may demand a trial by jury of any issue so triable of right by filing a demand therefor in writing at any time after the commencement of the action and not later than 30 days after the filing of the answer or a reply filed within the time prescribed. Such demand may be endorsed on a pleading of a party if notice of the demand is included in the entitlement of the pleading.

\* \* \*

".4 Waiver; Withdrawal. The failure of a party to file a demand as required by this rule or to deposit the jury fee by the close of the pretrial conference constitutes waiver by him of trial by jury. A waiver of trial by jury is not revoked by an amendment of a pleading asserting only a claim or defense arising out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. A demand for trial by jury as herein provided may not be withdrawn without the consent, expressed in writing or in court, of the parties or their attorneys."

As a reading of the court rule reveals, to be entitled to a jury as a matter of right two requirements must be satisfied. First, there must be a timely demand. Second, there must be timely payment of the jury fee. See, also, *Jamison v Lloyd,* 51 Mich App 570, 573; 215 NW2d 763 (1974), *lv den* 392 Mich 771 (1974).

Where a party fails to properly satisfy the prerequisites for obtaining a jury trial by right, whether or not a jury is utilized is a decision in the discretion of the court. The court's decision on whether or not to allow a trial by jury will not be overturned absent an abuse of discretion. *Roberts v Duddles,* 47 Mich App 601, 604-605; 209 NW2d 720 (1973).

In the instant case, we are compelled to find that the trial court abused its discretion by refusing to allow a jury trial. GCR 1963, 508.4 provides that the jury fee must be paid by the close of the pretrial conference. However, pursuant to Wayne County Circuit Court Rule 301.1(1), no pretrial conference is conducted except on motion of one of the parties or by order of the court. In this case, no pretrial conference was held. As such, the time at which the fee was due was somewhat unclear.

The lower court stated that the jury fee had to be paid within 30 days from the date stamped on

the notice of trial sent to the parties or else the jury would be deemed waived. In this case, however, the computer docket printout from the circuit court shows that the jury fee was paid on December 26, 1975. We conclude that, at most, the nondemanding party has an obligation to check with the clerk of the court to ascertain if the jury fee has been paid.[1] If said party is told that the fee has been paid, he or she has a right to rely on the clerk's statement.

In the case *sub judice,* the trial court acknowledged that either the demanding or nondemanding party had the right to pay the jury fee. Nonetheless, the judge permitted the more culpable defense counsel the opportunity to pay the fee if it still desired, while refusing to allow the plaintiffs' attorney this option.[2] We are unable to divine any reason upon the record at hand which could possibly justify the court in granting to defendants the exclusive option of whether or not to proceed with a jury trial when they were errant in not timely paying the fee in the first instance.

Defendants contend that GCR 1963, 508.2(1) con-

---

[1] There is no dispute over whether plaintiffs' counsel checked with the court clerk concerning the jury fee. However, the parties do disagree concerning when this check occurred. On the facts of this case, we do not deem the actual time at which the check occurred especially relevant.

[2] Wayne County Administrative Order 1978-1 provides:

"The statutory jury fee shall be paid at the time of filing a timely demand for jury trial in writing as provided in GCR 1963, 508.2(1). If notice of the demand is not included in the entitlement of a pleading as provided in GCR 1963, 508.2(1), the demand for jury trial shall appear on a separate paper filed with the County Clerk. The County Clerk shall strictly enforce this order and shall refuse to accept for filing any pleading or separate jury demand which does not comply with this order and GCR 1963, 508. Failure to comply with this order and GCR 1963, 508 shall be deemed a waiver of trial by jury by the parties failing to comply."

Thus, in cases commenced in Wayne County after January 3, 1978, the effective date of the order, the problem here should not arise again. However, it could still occur in other counties.

templates a request by *all* parties desiring a jury trial. In their opinion, since plaintiffs did not demand a trial by jury, they had no right to pay the fee. We disagree with this construction because it would render nugatory the last sentence of GCR 1963, 508.4, which prohibits either party from unilaterally withdrawing a jury demand without the consent of the opposing party. This sentence impliedly recognizes that only one of the parties to a lawsuit need demand a jury trial. If each party was required to demand a jury trial to make certain that the right would not be lost, there would be no need for a rule prohibiting unilateral withdrawal of the demand. Indeed, one would expect the court rules to permit unilateral withdrawal as no party could rely on its opposition's jury demand.[3]

At oral argument before this Court, defendants' attorney contended that even if we found that the

[3] Although we do not need to reach the question of the best construction of GCR 1963, 508—because we have concluded that the court's actions here constitute an abuse of discretion without reaching this issue—it seems to us that a careful reading of the rule undercuts the trial court's action. The first and final sentences of GCR 1963, 508.4 are the keys to understanding how the rule should be applied. The final sentence provides that once a party has demanded a jury trial that party cannot withdraw the demand without the consent of all the other parties. This sentence *does not* require that both the demand be filed and the fee paid before the right to unilaterally withdraw ceases. The first sentence of GCR 1963, 508.4 provides that a party who fails to demand a jury *as required by this rule* loses the right. However, as noted in the body of this opinion, we reject the idea that once a jury demand has been filed by the opposition the other side is also *required* to demand a jury. Thus, this portion of the rule applies only to a situation where neither party has filed a demand and one side now seeks a jury. The sentence also provides that failure to timely pay the jury fee also constitutes a waiver of a jury trial. However, as we read this sentence, what this means is that the party who has demanded a jury trial but does not timely pay the fee waives the right. A jury trial must still be had, however, where the opposite party continues to desire a jury, if he or she is willing to immediately pay the fee. To hold otherwise would be to allow the subversion of the final sentence of GCR 1963, 508.4. Instead of actually seeking to withdraw the demand, the demanding party could "withdraw" it simply by failing to pay the fee.

circuit judge abused his discretion in denying the jury trial, in light of his decision to grant defendants' motion to dismiss, no prejudice was established by plaintiffs. We have examined the trial record and conclude that the issue of defendants' negligence would have been submitted to the jury had a jury been empaneled to sit as factfinder.[4] The trial court is not obligated to examine the evidence in the light most favorable to the plaintiff where a motion to dismiss is under consideration. This is the crucial difference between it and a motion for a directed verdict. *Murphy Real Estate Corp v Barron,* 55 Mich App 210, 219; 222 NW2d 184 (1974). Since a trial court's decision to grant a motion to dismiss does not necessarily mean that the evidence was insufficient to create a jury question, we must reverse.

Reversed and remanded.

---

[4] This is particularly true in light of the fact that Michigan has adopted the comparative negligence doctrine. *Placek v City of Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979).