COUNCIL v GABA

Docket No. 57279. Submitted May 6, 1982, at Detroit.—Decided
September 7, 1982. Leave to appeal applied for.

Oneda Council, administratrix of the estate of Augusta Council,
deceased, brought an action against Dr. Howard Gaba for
malpractice. Plaintiff included a demand for a jury trial. GCR
1963, 508.4 provided that a jury fee be paid by the close of the
pretrial conference, but while this suit was pending a Wayne
Circuit Court Rule was adopted which eliminated the need for
a pretrial conference and no such conference was held in this
case. After the Supreme Court refused to approve an adminis-
trative order setting the time period within which jury fees
were to be paid in pending cases, the chief judge of the Wayne
Circuit issued a memorandum providing that such fees were to
be paid within 30 days after the date of the notice of trial.
Upon commencement of trial it was discovered that plaintiff
had failed to pay the jury fee. Plaintiff's counsel offered to pay
the fee late but the trial court refused the offer and the case
proceeded to trial without a jury. The trial court, Robert J.
Colombo, J., found no cause of action in favor of the defendant.
Plaintiff appeals, alleging error in the denial of a jury trial.
*Held:*

1. The right to a jury trial is a fundamental right protected
by the constitution but must be perfected according to the
governing court rule. Failure to comply with the court rule
constitutes a waiver of the right although a trial court may
still, in its discretion, grant a jury trial.

2. The memorandum of the chief judge cannot be enforced· as
a local court rule because it was not submitted to and approved
by the Supreme Court. Similarly, it was not an administrative
order because it was never submitted to the Supreme Court.

3. Because the chief judge's requirement was invalid, because
no pretrial conference was held, because there were misfiled

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury §§ 7-12.
[2] 47 Am Jur 2d, Jury § 57.
[3] 20 Am Jur 2d, Courts § 30.

papers in the circuit court file, and because plaintiff did not waive her right to a jury trial but rather offered payment of the fees up to the time of trial, the trial court erred in not allowing a jury trial.

Reversed and remanded for a jury trial.

1. CONSTITUTIONAL LAW — RIGHT TO JURY TRIAL.

The right to a jury trial is a fundamental right protected by the state constitution; the manner in which a party's right to a jury is perfected is governed by court rule (Const 1963, art 1, § 14; GCR 1963, 508).

2. TRIAL — JURY TRIAL.

A trial court may, in its discretion, grant a jury trial even where a party fails to comply with the requirements of the court rule for perfecting the right to a jury trial (GCR 1963, 508.4).

3. COURTS — COURT RULES — LOCAL COURT RULES — ADMINISTRATIVE ORDERS.

A practice of a trial court which is not specifically authorized by the general court rules and which requires litigants to do some act in relation to practice before the court may be adopted as a local court rule only after submission to and approval by the Supreme Court; similarly, administrative orders of a trial court must be submitted to the Supreme Court before they may be enforced, although they need not be approved by the Supreme Court (GCR 1963, 927).

*Thurswell & Chayet, P.C.* (by *Gerald E. Thurswell* and *Brian E. Fischer*), for plaintiff.

*Moll, Desenberg, Bayer & Behrendt,* for defendant.

Before: M. J. KELLY, P.J., and T. M. BURNS and MACKENZIE, JJ.

M. J. KELLY, P.J. On November 18, 1977, plaintiff commenced this malpractice action in Wayne County Circuit Court and included a demand for a jury trial in her complaint. When plaintiff's complaint was filed, GCR 1963, 508.4 was in effect providing that a jury fee be paid by the close of

the pretrial conference. On May 25, 1978, the Supreme Court approved Wayne Circuit Court Rule (WCCR) 301.1(1) which abolished the requirement for pretrial conferences unless the parties requested one or the judge, *sua sponte,* ordered a conference. A pretrial conference was not held in this case.

Recognizing that WCCR 301.1(1) made it unclear as to when jury fees had to be paid, Wayne County Circuit Court, by Administrative Order 1978-1, provided that the jury fee must be paid at the time the demand for a jury was made. The court also issued Administrative Order 1978-6 which allowed litigants in pending cases to pay their jury fee within 30 days after the date of the order. However, on February 10, 1978, the Supreme Court refused to approve Administrative Order 1978-6, and it was cancelled by Administrative Order 1978-7. In an effort to resolve the confusion, Chief Judge Dunn issued a memorandum to all attorneys, dated June 8, 1979, which provided that payment of jury fees was to be made within 30 days from the date stamped on the notice of trial. This requirement was also contained on the bottom of the trial notices mailed to each party. Judge Dunn's memorandum was also published in the June 13, 1979, edition of the Detroit Legal News.

On October 18, 1980, notice of trial in this case was mailed. On January 21, 1981, trial was to commence but prior to trial it was discovered that plaintiff had failed to pay the jury fee. The trial court gave plaintiff's attorney a day to produce evidence that the jury fee was paid. At a hearing held the next day, plaintiff's attorney stated that, while it was his office's practice to pay the jury fee, he was unable to prove that it had been paid

and offered to pay the fee late. The trial court, following Judge Dunn's memorandum, refused to allow late payment and decided to proceed to trial without a jury.

The bench trial resulted in a judgment of no cause of action in favor of defendant. Plaintiff moved for a new trial claiming the trial court erred when it denied her a jury trial. When plaintiff's motion was denied, she appealed as of right, GCR 1963, 806.1, to this Court.

The right to a jury trial is a fundamental right protected by the state constitution. Const 1963, art 1, § 14. However, GCR 1963, 508 governs the manner in which a party's right to a jury is perfected. *Jinkner v Widmer,* 3 Mich App 155, 158; 141 NW2d 692 (1966). GCR 1963, 508.4 states that a party waives her right to a trial by jury where she fails to file a demand for a jury trial or fails to pay the jury fee by the close of the pretrial conference. Failure to comply with either requirement constitutes a waiver of the right to a jury trial. *Yon v All American Transport Co, Inc,* 104 Mich App 97, 100; 304 NW2d 495 (1981); *Jamison v Lloyd,* 51 Mich App 570, 573; 215 NW2d 763 (1974), *lv den* 392 Mich 771 (1974). Although a party fails to comply with the requirements of GCR 1963, 508.4, the trial court may in its discretion grant a jury trial. *Yon, supra,* 100.

In this case, plaintiff filed a timely demand for a jury trial. However, plaintiff failed to pay the jury fee prior to trial. On appeal plaintiff argues that the Wayne County procedure requiring the payment of the jury fee within 30 days of receipt of the notice of trial is invalid. From this premise, plaintiff argues that, since a pretrial conference was not held, she could not pay the jury fee by the close of the pretrial conference. Therefore, plaintiff

reasons that the trial court erred when it denied her a jury trial because she could not pay the fee as required by GCR 1963, 508.4.

Plaintiff's claim requires us to examine the procedure used by the Wayne County Circuit Court. Pursuant to Chief Judge Dunn's June 8, 1979, memorandum, a party who has demanded a jury trial may pay the jury fee within 30 days from the date stamped on the notice of trial. While this memorandum was published in the Detroit Legal News and sent to practicing attorneys, it was never submitted to the Supreme Court for approval.

GCR 1963, 927 states in pertinent part:

".1 Local Court Rules.

"(a) A trial court may adopt rules regulating practice in that court if the rules are not in conflict with these rules and regulate matters not covered by these rules.

"(b) If a practice of a trial court

"(1) is not specifically authorized by these rules, and

"(2) reasonably depends on attorneys or litigants being informed of the practice for its effectiveness, or

"(3) requires an attorney or litigant to do some act in relation to practice before that court, the practice, *before enforcement, must be adopted by the court as a local court rule and approved by the Supreme Court."*

The rule also allows a trial court to issue administrative orders governing only internal court management. While administrative orders must be submitted to the Supreme Court, they need not be approved by it.

Judge Dunn's memorandum fails to comply with either part of GCR 1963, 927. The requirement that a party requesting a jury pay the jury fee within 30 days of receiving the notice of trial is an attempt to establish a local court rule because it is

a practice not specifically authorized by the general court rules and requires litigants to do some act in relation to the practice before the court. However, the proposed rule was never submitted to or approved by the Supreme Court and therefore cannot be enforced. Nor can we find that the rule is an administrative order since it was never submitted to the Supreme Court. Judge Dunn's requirement specifying when jury fees must be paid was invalid.

Because the local practice was invalid, we would ordinarily determine that the plaintiff should have paid the jury fee in accordance with GCR 1963, 508.4 which specifies that the jury fee must be paid by the close of the pretrial conference. Here there was no pretrial conference and there was evidence that papers in the circuit court file had been mixed with papers from two totally unrelated cases, one marked with the estate of Council with a Wayne County Circuit Court file number but with a different caption and one with both a different caption and a different file number. Plaintiff's attorneys urged the possibility that the jury fee had been paid but improperly documented in another court file. The trial judge observed that:

"You are quite right too when you point out that the filing practice in the county clerk's office leaves much to be desired and it is not unusual for us to find pleadings totally unrelated to the lawsuit at hand but properly belongs [sic] in another file, and it's very possible sometimes for the county clerk's office not to record requests for jury trial and the payment of fees."

Under the peculiar circumstances of this case where the rule was invalid, the lower court file had misfiled documents, and the plaintiff did not waive her jury demand but, on the contrary, ten-

dered payment of the fees right up to the time of trial we can find no waiver or estoppel as urged by the defendant.

The judgment below is therefore reversed and the case is remanded for trial by jury.