**In re Jack FIERMAN and Daniel Sherman, t/a Pebble Hill Village, a partnership, Debtors.**

**Bankruptcy No. 81–00071K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Oct. 20, 1981.

---

Richard C. Osterhout, Trevose, Pa., for debtor.

Peter F. Baughman, Conshohocken, Pa., for Rosemore Park Gardens.

Joel D. Beaver, Philadelphia, Pa., for Daniel Sherman.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The first issue brought before the Court is whether the petitioning general partner of the debtor should be granted relief pursuant to § 303(h) of the Code by granting of the petitioner's motion for judgment on the pleadings. The Court finds that the other general partner of the debtor failed to timely contravene the petitioner's request for involuntary relief within the time period prescribed by Bankruptcy Rule 112. Therefore, petitioner's motion for judgment on the pleadings is granted.[1]

1. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

The second issue before the Court is whether a secured creditor who seeks to invoke this Court's equity jurisdiction for the purpose of dismissing a debtor's voluntary chapter 11 petition, may be awarded such equitable relief without having first demonstrated that the creditor's available legal remedies are inadequate. The Court finds that as the movant has failed to demonstrate that the available legal remedies by which a dismissal may be achieved are inadequate, the movant's motion to dismiss is denied.

In January of 1981, the debtor filed a voluntary petition under Chapter 11 of the Code. In the petition Jack Fierman declared he was authorized to file the petition on behalf of the partnership. On April 27, 1981, Daniel Sherman, the non-joining general partner of the debtor, filed an answer to the voluntary petition. In his answer, he denied the assertion that Fierman was authorized to file the voluntary petition on behalf of the partnership. Furthermore, Sherman denied Fierman's assertion that Sherman had consented to the filing of the petition on behalf of the partnership. However, Sherman admitted that the debtor is unable to pay its debts as they mature. Consequently, on May 27, 1981, Fierman filed a motion for judgment on the pleadings, seeking involuntary relief against the debtor pursuant to § 303(h) of the Bankruptcy Code.

Interim Bankruptcy Rule 1004(a) states that a voluntary petition may be filed by all the general partners on behalf of the partnership. In this case both partners are named on the petition and Jack Fierman swore on the statement of affairs that he was authorized by the partnership to file the petition. Fierman's authority is denied in Sherman's answer to the voluntary petition.

The original petitioner, Jack Fierman, now seeks involuntary relief pursuant to

§ 303(h) of the Code. For the purpose of judicial economy, the Court will treat this case as if it were initially filed as an involuntary chapter 11 proceeding.

The Rules of Bankruptcy Procedure provide, in Rule 105(b), for the filing of an involuntary petition against a partnership. Rule 105(b) provides that:

"A petition may be filed by fewer than all the general partners to have a partnership adjudged bankrupt. . . ."

Rule 112 provides that:

". . . in the case of a petition against a partnership under subdivision (b) or (c) of Rule 104, any general partner . . . who is not a petitioner, may contest the petition."

Rule 112 further provides that:

"Rule 12 of the Federal Rules of Civil Procedure applies to the making of a defense or objection to the petition. . . ."

Fed.R.Civ.Pro. Rule 12 provides that an answer should be filed within 20 days after service of the summons and complaint. Consequently, relief will be granted if the request for involuntary relief has not been controverted within the 20 day period. No such motion has been made to the Court, therefore, petitioner's request for involuntary relief is granted.

As to the second question before this Court, on February 19, 1981, Rosemore Park Gardens, Inc., a creditor, filed a motion to dismiss the chapter 11 petition with prejudice. On April 7, 1981, the debtor filed his answer to Rosemore's motion to dismiss.

In Rosemore's supporting brief, the creditor relies upon the equitable powers of this Court in seeking relief. The basis for dismissal is the alleged pre-bankruptcy conduct of the debtor, whereby the creditor claims that Jack Fierman made a direct misrepresentation to this Court. Rosemore claims that because of this misrepresentation and the resulting stay of the tax sale of the Pebble Hill partnership property, one year's real estate taxes, totalling approximately $7,000, became a lien on the partnership property senior to Rosemore's mortgage.

It is true that the Bankruptcy Court is a court of equity, *Matter of Aurora Cord and Cable Co., Inc.*, 2 B.R. 342 (Bkrtcy. N.D.Ill.1980); *In re Parr*, 1 B.R. 453 (Bkrtcy.E.D.N.Y.1979). Under established principles of equity, the exercise of equitable powers is inappropriate if there is an adequate remedy at law, *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). If the plaintiff has a legal remedy available to him, he must pursue it before he should attempt to have the court invoke its equity jurisdiction, *Fenstermacher v. Philadelphia National Bank*, 351 F.Supp. 1015, affirmed 493 F.2d 333 (D.C.Pa.1972).

In the present case Rosemore Park Gardens, Inc. has not pursued the legal remedy provided by 11 U.S.C. § 1112(b). Consequently, the exercise of the Court's equitable powers would be inappropriate at this time. Therefore, motion to dismiss the chapter 11 petition with prejudice is denied.