**In re SEYCHELLES, A Partnership, Debtor.**

**Bankruptcy No. 382–01580–F.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Feb. 22, 1982.

mer of 1979 by a number of individuals and corporations. The case was commenced by the filing of an involuntary petition by two of the fourteen general partners, Banyan Corporation and Robert L. Wheelock, III, pursuant to 11 U.S.C. § 303(d), on November 23, 1982. This case is a Chapter 7 and would be essentially a liquidating Chapter 11.[1] (A detailed description of further facts surrounding the instant case is contained in the companion opinion in Adversary Proceeding No. 382–1433.) A Summons with the Involuntary Petition was issued on November 23, 1982. Eight of the general partners consented to entry of the Order for Relief. No responsive pleading was filed by *any* of the general partners controverting the involuntary petition. An Order for Relief was entered by this Court on December 16, 1982.

On December 23, 1982, Genius Corporation, the owner of 50.64% of the debtor partnership, purporting to act as the managing general partner of the debtor filed a conversion of the case to Chapter 11 pursuant to 11 U.S.C. § 706(a). On January 7, 1983, the petitioning partners, Banyan Corporation and Wheelock, filed a motion to quash the conversion, alleging, *inter alia,* that the conversion from Chapter 7 to Chapter 11 could not be accomplished without the joinder of all general partners. Furthermore, Banyan Corporation disputes the status of Genius Corporation as managing general partner of the debtor asserting it is the managing partner of the debtor. However, this is not the issue here.[2]

D.M. Lynn, Moore & Peterson, Dallas, Tex., for petitioning creditors, Robert L. Wheelock, III and Banyan Corp., two gen. partners of Seychelles.

Philip I. Palmer, Jr., Dallas, Tex., trustee.

Armoqida & Coats, P.C., and Robert C. Maley, Jr., Mark E. Browning, Sheinfeld, Maley & Kay, Houston, Tex., for Genius Corp.

## MEMORANDUM OPINION

JOHN C. FORD, Bankruptcy Judge.

The debtor in this case, The Seychelles, is a general partnership formed in the Summer of 1979

## CONCLUSIONS OF LAW

The issue presented is a simple one: whether the consent of all the general part-

---

1. This memorandum opinion constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752, entered upon consideration of the arguments of counsel, all pleadings on file, the testimony at the hearings, and the briefs submitted by the parties.

2. The Court does not decide who is the managing partner of the Seychelles partnership by law or according to the partnership agreement. Genius Corporation has alleged that its election

as managing partner and the decision to convert the case to Chapter 11 were both made at partnership meetings properly noticed and held on November 23, 1982, and December 13, 1982, respectively. In arriving at the conclusion that the conversion was improper and should be quashed, this Court assumed that the actions taken by Genius Corporation were authorized and that Genius Corporation is, for all intents and purposes, the current managing general partner of the debtor.

ners of a partnership debtor is necessary to support a conversion of right of the partnership case from Chapter 7 to Chapter 11 pursuant to 11 U.S.C. § 706(a). This is a case of first impression in this Court.

Two methods of conversion from Chapter 7 to Chapter 11 are provided in 11 U.S.C. § 706. Section 706(a) allows a debtor to convert a case commenced under Chapter 7 to Chapter 11 automatically, as a right and without notice or hearing, provided only that the case has not been previously converted from Chapter 11 or Chapter 13. Generally, a debtor is always given a chance to attempt to repay its obligations in full. Section 706(b) provides for conversion after notice and hearing upon motion of a party in interest, or upon motion of the debtor if the case has previously been converted. Genius Corporation filed to convert this case to a Chapter 11 under 706(a) without notice and hearing.

Ordinarily, a general partner may bind a partnership without the consent of the other general partners. In bankruptcy, however, this general rule is reversed; all general partners must consent for the partnership as a debtor to take a voluntary action. Thus, under the former Bankruptcy Act, a Chapter XI proceeding, which had to be voluntary, could only be commenced by the debtor by agreement of all general partners if the debtor was a partnership. Bankruptcy Rule 11–8. This procedure is incorporated into the current Bankruptcy Code. Section 301 of the Bankruptcy Code provides that an entity which may be a debtor may file a voluntary case. A debtor under §§ 101(12), 101(3) and 109(b) means a partnership. *In Re Twin Oaks Golf Course,* 16 B.R. 383 (D.Bkrtcy.W.D.Mich.1982). But, a petition in bankruptcy filed by less than all the general partners of a partnership should be an involuntary petition. 11 U.S.C. §§ 303(b)(3)(A) and 303(d); *In re R.S. Pinellas Motel Partnership,* 5 B.R. 269 (D.Bkrtcy.M.D.Fla.1980).

This prevents fewer than all the general partners of a partnership from placing the partnership in a Chapter 7 or 11 without notice and an opportunity to be heard being given to the non-consenting general partners. "An involuntary case is in essence a civil suit requesting a judgment that an Order for Relief be entered based on the provision of § 303(h)(1) and (2)." *In re Alpine Lumber and Nursery,* 13 B.R. 977 (D.Bkrtcy.S.D.Ca.1981). As such, the non-joining general partners are provided the specific remedy of answering and controverting the filing of the involuntary petition. They have twenty days from the date of the issuance of the Summons to file an answer alleging reasons why the partnership should not be granted the Order for Relief. Interim Rule 1004(a), Local Bankruptcy Rules for the U.S. Bankruptcy Court for the Northern District of Texas; Bankruptcy Rule 105; *Fed.R.Civ.Proced.* 12; *In Re Fierman,* 14 B.R. 753 (D.Bkrtcy.E.D.Pa. 1981). *Id.* 5 B.R. at 274. This is the proper procedure which was followed by the petitioning partners in commencing this case, and it is the procedure which Genius Corporation should have followed in its effort to convert the case to Chapter 11.

Just as all the general partners must act in concert for the debtor to commence a voluntary case under § 301, so they must act to voluntarily convert a case under 706(a) without notice and hearing. To conclude otherwise would result in a denial of due process to those non-joining general partners who are still liable for the partnership debts. The fact that Genius Corporation may be the managing partner of the debtor does not change the requirement that either all general partners must affirmatively consent to conversion under 11 U.S.C. § 706(a) or conversion must be after notice and hearing as provided by § 706(b).

Indeed, Genius Corporation is not left without a remedy. It may seek conversion to Chapter 11 pursuant to § 706(b), since one of the general partners of the debtor is a party in interest. Genius may move this Court to convert this case to a Chapter 11 case and after notice and hearing at which all the general partners could be heard, this Court would decide the propriety of the conversion. For all of the foregoing reasons, this Court entered an Order on Janu-

ary 17, 1983, that the attempted conversion by Genius Corporation without a hearing and without the consent of all the general partners ·be quashed.