**In re CHANNEL 64 JOINT VENTURE, et al., Debtors.**

**Bankruptcy No. 1–86–01552.**

United States Bankruptcy Court, S.D. Ohio, W.D.

June 2, 1986.

John Hopkins, III, Susan B. Collins, Constance M. Iskin, Baker & Hostetler, Cleveland, Ohio, for debtor.

Michael V. Blumenthal, Gary Blum, Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, New York City, Gerald L. Baldwin, Frost & Jacobs, Cincinnati, Ohio, for movants.

Richard Boydston, Strauss & Troy, Cincinnati, Ohio, for Stephen J. Kent.

## DECISION AND ORDER ON MOTION TO ABSTAIN OR DISMISS

BURTON PERLMAN, Bankruptcy Judge.

This Chapter 11 case was filed simultaneously with another, the debtor in which is named Channel 64 Limited Partnership (hereafter "L.P."). An order for joint administration of the two cases has been entered.

Channel 64 Joint Venture (hereafter "Joint Venture") was formed pursuant to an Agreement dated as of April 16, 1984. The Agreement was entered into between L.P., an Ohio limited partnership, and United Entertainment Network, Inc., a Nebraska corporation (hereafter "United"). The Agreement refers to the entity formed by the Agreement as a partnership subject to the provisions of the Uniform Partnership Law of Ohio. The respective interests of the parties entering into the Agreement in the entity formed by the Agreement are 90% L.P., and 10% United. The Agreement provides that Joint Venture is to be managed by a Management Committee composed of three persons. It provides further that L.P. shall appoint two of the members of the committee, while United shall appoint the remaining member. On April 24, 1986, James D. Moore, Jr. and Peter Diaz were appointed the L.P. representatives on the Management Committee. (There is a dispute as to whether these appointments were legitimate, a question which will have to be resolved after an evidentiary hearing. We assume arguendo for the purpose of the present motion that

they were the legitimate designees of L.P. on the Management Committee.) William Elsner was the member of the Management Committee designated by United.

The original Joint Venture Agreement made express provision, in effect, prohibiting the Management Committee or "any officer of the Partnership ... without the approval of both Partners", from filing a bankruptcy petition. This original provision was amended March 28, 1986, such amendment expressly changing the foregoing provision, so that a majority vote of the Management Committee could authorize the filing of a bankruptcy petition. Thereafter, on May 8, 1986, the two members of the Management Committee appointed by L.P., constituting a majority of the Committee, passed a resolution authorizing Joint Venture to file a petition under Chapter 11 of the Bankruptcy Code. The bankruptcy petition filed in this case was signed by Peter F. Diaz on behalf of Joint Venture, as a member of the Management Committee; by Mr. Diaz as Attorney in Fact for Media Management Corporation, a general partner of Channel 64 Limited Partnership; and by Mr. Diaz as vice president of Media Capital Group, Inc. (The significance of the signature by Mr. Diaz in the last mentioned capacity is not clear.)

Now before us is Joint Motion of United Entertainment Network, Inc. and United Cable Television Financing Corp. to Dismiss or Abstain from Hearing Case. (For present purposes, we will not further identify co-movant, United Cable Television Financing Corp., for it is unnecessary to do so, so far as disposition of the question of law with which we here deal is concerned.) At the hearing on such Joint Motion, it was agreed that that hearing would be limited to the question of law, whether the voluntary petition had been properly filed. It is the position of movants that because the filing of the case was not authorized by United, one of the general partners of the Joint Venture, the petition is invalid as a matter of law. Movants look to 11 U.S.C. § 303(b)(3)(A) as the basis for this position, such provision of the Bankruptcy Code stating that an involuntary petition may be commenced by less than all of the general partners in a partnership. Movants reason from this that a filing by less than all of the partners in a partnership can only be an involuntary filing.

Memoranda in opposition to the Joint Motion were filed by debtor and by Cincinnati TV 64 Limited Partnership. (Movants question the standing of the latter respondent to participate. We pass this objection by, however, because the memoranda of the two respondents are substantially similar.) Respondents argue that the Chapter 11 filing was proper because the Code is silent as to what is required for a voluntary Chapter 11 filing by a partnership, and § 303 does not preclude a voluntary filing by less than all of the partners in a partnership. Respondents further contend that the general partners in Joint Venture delegated their right to consent to the filing of a voluntary petition to the Management Committee. It was agreed at the hearing that, in the event that we rule favorably to debtor on this motion, there will then be required an evidentiary hearing on the earlier referred to question of the legitimacy of the action by the majority of the Management Committee.

We have reached the conclusion that the question of law here presented should be resolved favorably to respondents. While the Code is silent as to the requirements of a valid voluntary partnership filing, there is an applicable Bankruptcy Rule. Bankruptcy Rule 1004(a) provides:

(a) Voluntary Petition. A voluntary petition may be filed on behalf of the partnership by one or more general partners if all general partners consent to the petition.

\* \* \* \* \* \*

In this case it is not contested that there was a voluntary petition filed on behalf of the Joint Venture partnership by a general partner, L.P. (This is consistent with the second of the capacities in which Diaz signed the petition.) There is only one other partner in Joint Venture, and that is United. We find the remaining require-

ment of B.R. 1004, that "all general partners consent to the petition", to be met by reason of the Joint Venture Agreement between the partners in which they agree that the Management Committee of Joint Venture may, by majority vote, "... make any decision, take any action, or grant any approval ..." on behalf of Joint Venture. We regard the action by majority vote of the Management Committee on May 8, 1986, authorizing the filing of a voluntary Chapter 11 petition to signify the approval of both partners constituting Joint Venture to the Chapter 11 filing, the approval being expressed in the manner which the partners themselves had provided for in their Agreement. *See, In re Brookhollow Associates*, 575 F.2d 1003, 1007 (1st Cir.1978). In an earlier case in this court, we read *Brookhollow* to stand for the proposition that consent to a partnership filing on the part of a partner may be implied from the partnership agreement. *In re Chapel Hill Associates*, Case No. B–1–79–1373 (Bankr. S.D.Ohio W.D.1979).

We note that in their motion, movants seek that we abstain from consideration of this bankruptcy case, leaving it rather for resolution in the state court system. Without extended discussion, we decline to abstain. It is clear to us, even at this early stage of the case, that a number of substantive provisions of the Bankruptcy Code may or should be invoked in adjusting the rights of the parties here.

The Clerk will, as soon as time permits, set an evidentiary hearing on the question of whether the action of the Management Committee by Messrs. Moore and Diaz on May 8, 1986, was legitimate.

So Ordered.