In re SWG ASSOCIATES, Debtor.

Bankruptcy No. 96–22592–MBM.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 13, 1996.

Robert O. Lampl, John P. Lacher, Pittsburgh, PA, for debtor.

Kathleen Robb, Office of the U.S. Trustee, Pittsburgh, PA.

### MEMORANDUM OPINION

M. BRUCE McCULLOUGH, Bankruptcy Judge.

On July 11, 1996, this Court ordered counsel for the debtor to show cause why the above captioned bankruptcy case should not be dismissed for lack of subject matter jurisdiction. This Court entered such order *sua sponte* because it was concerned that the voluntary petition commencing the case (a) had not been consented to by all 4 of the partnership debtor's general partners as required by Rule 1004(a) of the Federal Rules of Bankruptcy Procedure (FRBP), and (b) had not been filed (ie., signed) by a general partner pursuant to either FRBP Rule 1004(a), in the case of a voluntary petition, or 11 U.S.C. § 303(b)(3), in the case of an involuntary petition. The above concerns arose because (a) David J. Groetzinger, one of the general partners, indicated at another hearing involving the debtor that he was initially unaware of this bankruptcy case and that he had not affirmatively consented to its commencement, and (b) an examination of the debtor's voluntary petition revealed that it had been signed by a manager for the partnership rather than by any of the general partners themselves.

This Court felt compelled, and moreover ascertained that it was required pursuant to FRBP Rule 7012(b) and Rule 12(h)(3) of the Federal Rules of Civil Procedure, to raise these concerns *sua sponte* because they ultimately implicate the subject matter jurisdiction of this Court regarding this bankruptcy case.[1] More specifically, if the bankruptcy petition in this case was filed improperly, then a bankruptcy case was not commenced under either §§ 301 or 303 of the Bankruptcy Code. If a case was not commenced under either of these sections, then this matter is not a case under Title 11 of the United States Code and a United States District Court (as well as a Bankruptcy Court such as this one) would, therefore, lack jurisdiction over it pursuant to 28 U.S.C. § 1334(a).[2] If this Court lacks subject matter jurisdiction over a matter it must, of course, dismiss such matter. FRBP Rule 12(h)(3).

Debtor's counsel has satisfied this Court's second concern by subsequently filing on July 26, 1996, an amended voluntary petition signed by Larry A. Widdowson, one of the 3 general partners of the debtor to affirmatively consent to the filing of the petition. However, by the debtor's counsel's own admission, David Groetzinger "did not specifically authorize the filing of the voluntary petition at the time that it was [originally] filed," nor has he done so in conjunction with the amended petition. Nevertheless, debtor's counsel maintains that Mr. Groetzinger has consented to the filing of the voluntary petition "by virtue of [his assent to] the Partnership Agreement between the general partners." Debtor's counsel points to the following language in that agreement as conclusive of its position:

> A majority of the managing partners shall be authorized and empowered to determine all questions relating to the conduct

---

1. "Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FRBP Rule 12(h)(3), 28 U.S.C.A. (West 1992) (emphasis ours). "The language of Rule 12(h)(3) indicates that lack of subject matter jurisdiction may be considered ... by the court *sua sponte.*" 9 *Collier on Bankruptcy,* para. 7012.11[3] at 7012–25 (Bender 1996) (emphasis theirs). *See also Columbia Gas of Pennsylvania, Inc. v. Marshall,* 636 F.2d 913, 918 (3rd Cir. 1980).

2. 28 U.S.C. § 1334(a) provides that "the district courts [and thereby bankruptcy courts pursuant to 28 U.S.C. § 157(a), (b)(1)] shall have original and exclusive jurisdiction of all *cases under title 11.*" 28 U.S.C.A. § 1334(a) (West 1993) (emphasis added). Thus, if a matter is not a case under title 11, a bankruptcy court may not entertain it because its statutory grant of jurisdiction is lacking.

and management of the partnership business, and the determination by a majority of the managing partners on any such question ... shall be binding on all partners.

Exhibit A to debtor's response memorandum (Partnership Agreement), page 2, para. VII(b). Debtor's counsel also cites *In re Channel 64 Joint Venture*, 61 B.R. 255 (Bankr.S.D.Ohio 1986), in support of its contention.

## DISCUSSION

### I. *Whether David Groetzinger consented to the filing of the voluntary petition by virtue of his assent to the partnership agreement?*

■ Whether David Groetzinger's prior assent to the partnership agreement constitutes consent to the filing of the voluntary bankruptcy petition in this case is a matter of Pennsylvania state law. Pertinent to a resolution of this issue is 15 Pa.C.S.A. § 8321(b) which states that "[a]n act of a partner which is not apparently for the carrying on of the business of the partnership *in the usual way* does not bind the partnership unless authorized by the other partners." 15 Pa.Cons. Stat.Ann. § 8321(b) (Purdon 1995) (emphasis added). The filing in this case of a Chapter 11 petition in bankruptcy, which has as its purpose the reorganization of the affairs of a debtor, cannot, in good conscience, be viewed as an act whereby the 3 petitioning partners in this partnership debtor sought to carry on its business in the usual way. Such a conclusion is mandated by the relief sought by petitioners in a Chapter 11 case, which is anything but the normal process by which an entity conducts its business. Therefore, because the filing of the bankruptcy petition by the 3 petitioning partners was not undertaken to conduct partnership business in the usual way, it cannot bind Mr. Groetzinger unless such act was expressly authorized in the partnership agreement. Debtor's counsel points to the aforementioned "majority rule" language in the partnership agreement as authorization for a bankruptcy filing. For the following reasons, however, this Court finds otherwise.

■ First, and most importantly, debtor's counsel fails to acknowledge additional language in the same paragraph of the partnership agreement to the effect that "[n]o partner shall, *except with the consent of all other partners*, ... do any act ... which would make it impossible to carry on the ordinary business of the partnership." Exhibit A to debtor's response memorandum (Partnership Agreement), page 3, para. VII(b). This Court holds, as a matter of law, that the filing of a bankruptcy petition is an act which most certainly could make impossible the future execution of the ordinary business of a partnership debtor.[3] Indeed, this Court views its holding as a corollary of its

---

3. Also pertinent to this Court's holding is 15 Pa.C.S.A. § 8321(c), which provides as follows:

Unless authorized by the other partners or unless they have abandoned the business, one or more but less than all the partners have no authority to:

(1) Assign the partnership property in trust for creditors or on the promise of the assignee to pay the debts of the partnership.

(2) Dispose of the goodwill of the business.

(3) Do any other act which would make it impossible to carry on the ordinary business of a partnership.

(4) Confess a judgment.

(5) Submit a partnership claim or liability to arbitration or reference.

15 Pa.C.S.A. § 8321(c). The language in subparagraph 3 of this section is identical to the limiting "unanimity" language found in the partnership agreement among the partners in this case. It is instructive to note that the other 4 subparagraphs set forth acts that are really nothing more than specific events that could make it impossible to carry on the ordinary business of a partnership; ie., the language of subparagraph 3 encompasses the language of the other 4 subparagraphs. Because "[a]ssignment for the benefit of creditors [subpara. 1] is comparatively rare [today and] the modern procedure [instead] is bankruptcy," 1 A. Bromberg & L. Ribstein, *Bromberg & Ribstein on Partnership* § 4.03 at 4:38 (Little, Brown & Co.1988), commencement of a bankruptcy case can appropriately be viewed statutorily as an act generally requiring unanimous consent of partners as well as an act that could "make it impossible to carry on the ordinary business of a partnership." At least one set of commentators have noted as much. J. Crane & A. Bromberg, *Law of Partnership* § 91B(b) note 66 at 540 (West 1968) ("U[niform] P[artnership] A[ct] § 9(3)(c) denies a partner's authority (without unanimous consent) to any act which will make it impossible to carry on the business. This probably covers a bankruptcy admission and consent [under the old Bankruptcy Act].")

previous conclusion that a bankruptcy filing is not an act which is done for the purpose of carrying on the business of a partnership in the usual way. Moreover, while this holding appears to be self-evident to this Court, thereby rendering unnecessary any further elaboration, this Court nevertheless can point to innumerable "catastrophic" possibilities in a Chapter 11 bankruptcy such as conversion to Chapter 7 and subsequent liquidation, confirmation of alternate plans offered by parties in interest other than the debtor, possible necessary concessions by a debtor to obtain acceptance and confirmation of its plan, liquidation pursuant to a Chapter 11 plan, alienation of necessary creditors via cramdown, and death of a debtor due to insurmountable administrative costs.

Furthermore, *Channel 64* and the cases cited therein are distinguishable from this case because, in each of those cases, the courts cited language in the pertinent partnership agreements providing, in particular, authority for the filing of a bankruptcy petition. *Channel 64,* 61 B.R. at 256 (an express provision in the original joint venture agreement, which *prohibited the filing of a bankruptcy petition without approval of both partners,* was subsequently amended to permit such an action "by majority vote of the Management Committee"); *In re Brookhollow Associates,* 575 F.2d 1003, 1007 (1st Cir. 1978) (2 clauses in the pertinent partnership agreement "provided that partnership decisions ... related to dissolution were to be made by at least a majority vote" and "a decision to seek an arrangement [under Chapter 12 of the former Bankruptcy Act] is one such decision"). The "majority rule" language cited by debtor's counsel in this case, on the other hand, is anything but particularized with respect to a decision such as the commencement of a bankruptcy case and, when considered in conjunction with the limiting "unanimity" language also found in the same paragraph of the partnership agreement and discussed in the previous paragraph of this opinion, cannot be viewed as authority to file a bankruptcy petition absent affirmative consent by all of the general partners.

◼ Therefore, this Court finds that David Groetzinger did not consent to a majority decision by the other 3 partners to file a bankruptcy petition when he assented to the terms of the partnership agreement. Rather, the terms of the partnership agreement expressly provide that such a decision can only be made by affirmative consent of all 4 of the general partners. That being the case, this Court must also hold that the amended voluntary petition, now properly filed by one of the general partners,[4] is without effect because such affirmative consent of Mr. Groetzinger was lacking. The next issue is whether this bankruptcy case should be dismissed because of the lack of unanimous affirmative consent or, alternatively, whether the amended petition may be treated prospectively as an involuntary petition.

**II. *Whether the amended petition in bankruptcy may properly be viewed prospectively as an involuntary petition replete with all of the procedural safeguards afforded in the involuntary process?***

◼ Pursuant to 11 U.S.C. § 303(b)(3)(A), an involuntary petition may be filed in the case of a partnership "by fewer than all of the general partners in such partnership." Additionally, numerous courts hold "that a petition filed ... without the consent of all general partners ... [is] in effect always an involuntary petition." *In re Memphis–Friday's Associates,* 88 B.R. 821, 825 (Bankr.W.D.Tenn.1988) (citing *In re Clo-*

---

4. As noted earlier in this opinion, the 3 consenting partners rectified another problem in their initial petition filed with this Court by filing an amended petition signed by one of themselves. A bankruptcy petition for a partnership debtor, if it is voluntary, must be filed by at least one general partner. FRBP Rule 1004(a). Such is also the general rule for an involuntary petition regarding a partnership debtor. 11 U.S.C. § 303(b)(3)(A). Nevertheless, debtor's counsel asserts in its response memorandum that it had empowered a manager to sign a voluntary bankruptcy petition on behalf of the partners pursuant to the "majority rule" language in the partnership agreement. This contention fails for precisely the same reason that David Groetzinger had not consented to the filing of the petition. This issue has, of course, since been rendered moot.

verleaf Properties, 78 B.R. 242, 244 (9th Cir. BAP 1987), which in turn cited *In re Seychelles,* 30 B.R. 72, 74 (Bankr.N.D.Tex.1982) and *In re Baker,* 54 B.R. 743, 746 (Bankr. E.D.Tenn.1985)). This Court agrees with this conclusion and, thus, holds that the amended bankruptcy petition in this case is *de facto* an involuntary petition.

■ This Court also holds that it need not dismiss this case at this time given the early stage within which it presently resides. In this respect, this Court finds this case to be factually similar to *Memphis–Friday's,* which did not opt for dismissal, and distinguishable from *Cloverleaf,* which proceeded to dismiss the case. The *Memphis–Friday's* court's decision not to dismiss turned on that court's determination that it had "not yet taken any substantive action in the case with regard to the property [that constituted the primary asset of the debtor]." *Id.* at 826. Similarly in this case this Court has not yet taken any substantive action regarding the affairs of the partnership debtor, and given that the initial petition was only filed on May 15, 1996, this Court anticipates that such action will not immediately be forthcoming.

■ Since this case will not be dismissed at this time, and because the amended petition will prospectively be viewed as an involuntary one, the procedural safeguards of an involuntary case must now be followed. In particular, (a) David Groetzinger, the nonconsenting partner in this case, is hereby afforded the opportunity to contest the petition pursuant to 11 U.S.C. § 303(d) and FRBP Rule 1011(a), (b) the 3 petitioning partners shall serve Mr. Groetzinger with a copy of the petition as well as a summons issued by the clerk of this Court and attached to the order and this opinion of this Court pursuant to FRBP Rules 1004(b) and 1010, and (c) pursuant to 11 U.S.C. § 303(h) and FRBP Rules 1011(b) and 1013(b), objections by Mr. Groetzinger, if any (and they should be limited to the issues addressed at subparagraphs (1) and (2) of § 303(h)), must be filed and served within twenty (20) days after service of the summons in order to avoid an automatic grant by this Court of the order for relief sought by the 3 petitioning partners. Additionally, Mr. Widdowson, the partner that filed the amended petition, must amend that petition by substitution of an involuntary cover sheet. *See Memphis–Friday's,* 88 B.R. at 827. Finally, the order for relief originally entered with the initial filing of the bankruptcy petition on May 15, 1996, is vacated although such date will remain the filing date hereafter of the involuntary petition. *See Id.* That being the case, the automatic stay is not affected by the decision of this Court herein. *See Id.* at 828 and 11 U.S.C. § 362(a).

### *CONCLUSION*

The bankruptcy petition filed with this Court is ineffectual as a voluntary petition notwithstanding its amendment on July 26, 1996. Nevertheless, such petition may properly be viewed prospectively as an involuntary petition and, as such, need not be dismissed at this juncture of the case. Henceforth, the case will proceed as an involuntary one and the aforementioned procedural safeguards must be complied with. An appropriate order will be entered.